*1052 The opinion of the court was delivered by
Nicholls, O. J.
This action is one for the partition of certain property, movable, immovable and credits, in the parish of Iberia,, between joint owners.
The plaintiffs are Harry Hewes, Miss Rosa Mary Leiteh and J. W. Stokoe, personally and in his capacity as natural tutor of his minor son, Neil W. Stokoe, issue of his marriage with his deceased wife, Mattie J. Stokoe.
The defendant is J. P Baxter, as tutor of the minors Baxter Milmo, Walter Milmo, Gertie Milmo and Bernard Milmo, and also as executor of the estate of Bernard B. Milmo, the father of these last mentioned minors.
Plaintiffs alleged that the property, of which an itemized list and description was annexed to the petition, was owned, held and possessed by petitioners and the before[[named minor children of Bernard B. Milmo in indivisión and that they desired and demanded a partition thereof.
That the firm of Milmo, Stokoe & Co., to which the said property once belonged, had been dissolved by,the death of Bernard B. Milmo and Mrs. Mattie J. Stokoe, partners therein, and a final and full settlement of said partnership had never been made.
That Harry Hewes owned the undivided three-eighteenths of said property; Rosa Mary Leiteh (whogis a daughter of Mattie J. Stokoe by a first marriage, and a minor duly relieved from the disabilities of minority by a judgment of court), owned the undivided one-fourth of five-eighteenths of said property; that the minor Neil W. Stokoe owned the undivided one-fourth of five-eighteenths; that J. W. Stokoe personally owned the undivided half of five-eighteenths,, and that the four minors, represented ¿by their tutor, J. P. Baxter, owned the undivided ten-eighteenths, which they, the only forced heirs, inherited from their father.
That Miss Rosa Mary Leiteh and Neil Stokoe acquired their interest by inheritance from their [mother, Mattie J. Stokoe, which they were seized and in possession of as sole and forced heirs; that there were no debts, and Rosa Mary Leiteh accepted unconditionally the succession.
That J. W. Stokoe, as tutor of the minor, Neil W. Stokoe, had caused a family meeting to be convened on behalf of said minor,, and that said family meeting, whose proceedings had been homolo *1053 gated, recommended that on behalf of said minor his tutor institute proceedings for a partition.
That all of said property was of such a nature and kind that it was detrimental to the owners to hold the same in indivisión, and that a partition thereof was necessary and that it should be made by licitation.
Petitioners prayed for citation upon Baxter, as tutor and testamentary executor; that there be judgment in their favor recognizing them as co-owners of said property and ordering and decreeing the sale thereof for the purpose of effecting a partition among all the co-owners; that on the part of the majors said property be sold for cash, and so far as the interest of each and all the minors that it be sold upon such terms and conditions as might be recommended by a family meeting convened in their behalf; that experts be appointed to examine into the nature and kind of said property and to report to the court whether or not it was susceptible of division in kind; that an estimative inventory be made of said property; that the judgment ordering the sale also order and decree that the final partition be referred to a notary in order that a partition be made between all the co-owners and according to law; that Stokoe, as tutor of his minor child, be authorized to stand in judgment, as recommended by the family meeting.
On the 3d of May, 1892, the district judge signed an order by which he authorized J. W. Stokoe, as tutor, to prosecute the proceedings and to stand in judgment as the representative of the minor in accordance with the recommendation of the family meeting held in that behalf, appointed experts to examine and report, under oath, the nature and condition of the property sought to be partitioned, and directed the taking of an estimative inventory of the same.
The defendant Baxter, as tutor, filed an exception to the effect that J. W. Stokoe has not and never had been the tutor of Neil W. Stokoe; that the abstract of inventory showing the amount and value of the property of said minor had never been recorded; that no appointment of said J. W. Stokoe as tutor had been made, or if made, that the appointment was absolutely null, void and without effect; that no “ letters of tutorship” had ever issued to the said Stokoe from the court, and that he was without appointment or authority of any kind to represent the minor; that at the time he *1054 applied for the convocation of a family meeting to authorize him to bring the suit in behalf of the minor , he had not taken the oath required by law, and that he was without authority to petition for the said meeting, and that the holding of the same was without effect of any kind, and that all the proceedings relative thereto were null and void, and that all the parties alleged by the plaintiff to be co-owners of the property sought to be partitioned were not represented. For these reasons he prayed that the suit be dismissed. This exception having been overruled, defendants filed an answer in which, after pleading the general issue, it was admitted that the minor children of Bernard B. Milmo were owners of ten-eighteenths of the property described in plaintiff’s petition,.but specially denied that J. W. Stokoe had any right or title to any part of the property or that Rosa Mary Leiteh or Neil W. Stokoe had ever acquired title to any part of the same. The answer declared that the property belonged solely to the estate of Mrs. Stokoe, deceased; that J. W. Stokoe was the executor of the last will and testament of said deceased, and that the said estate was in her possession solely and exclusively as such executor; that legatees were named in the will; that J. W. Stokoe had never filed any account of his gestión; that he had never distributed the property as required by the last will, and that neither the legatees under said will nor the heirs of the said deceased had acquired title to or possession of said property, and that none of them were owners of any part of the property of said estate; that no orders had ever been obtained by said executor, nor had any petitions asking for such orders ever been presented to any court asking for the distribution of the property or assets of said estate, or for the payment or delivery of the legacies named in the last will and testament of said deceased; that the entire property of said estate still remained as it was at the moment of the probate of the said last will and testament; that title to the property was solely in the said executor in his said capacity, in which capacity he had not the right to sue for a partition. Defendants prayed that the demand be dismissed and for trial by jury.
The ease having gone to trial the jury returned a verdict as follows:
“ Verdict for defendant. Inasmuch as the property can not be divided in kind, it is our opinion that the sale of said property at public sale in parts would work to better advantage to all parties concerned in this suit.” (Signed) John Broussard, foreman.
*1055 The court on the verdict as so found rendered the following judgment:
“ The above numbered and entitled cause having been duly fixed for trial by jury, and a jury having been duly empaneled and the said cause having been duly taken up and tried before said jury, and the evidence and the law being in favor of the defendants and against the plaintiff, and the verdict of the jury being in the following words, to-wit:
“Verdict for defendant: Inasmuch as the property can not be-divided in kind, it is our opinion that the sale of said property at public sale in parts would work to better advantage to all parties, concerned in this suit.” John Broussard, foreman.
“ It is therefore ordered, adjudged and decreed that the property described in plaintiff’s petition be sold at public auction by the sheriff of this parish, to effect a partition between them, and that the same be sold in parts, to-wit:
“ The land between Main street, in Jeanerette, La., and the Bayou Teche, and the buildings, improvements and machinery thereon, be sold together, and that the steamboat Rose M. Stokoe, the pull-boat, logs, lumber and open accounts, and the lot of land in said town, next to the railroad, be sold separately. It is further ordered, adjudged and decreed that the plaintiff pay the costs of this suit. It is further ordered, adjudged and decreed that a family meeting, composed of the nearest relatives of the minors, co-owners of the property, and parties to this suit, be convened before Léonce B. Delahoussaye, notary public, in and for the parish of Iberia, for the purpose of fixing the terms of said sale in so far as said minors are-concerned and to safeguard their interests.”
From this judgment the defendants appealed.
Plaintiffs filed in the Supreme Court a motion to dismiss the appeal, on the grounds-—
1. “That the judgment being in favor of appellant in toto and' ordering just what he asked and wished, so far as the testimony and judgment shows; he has no right to an appeal.
2. “The testimony, evidence and judgment of the lower court and verdict of the jury having granted him what he wished and requested, he, in case of partition under such circumstances, is not entitled to-an appeal, and an appeal from a judgment in his favor will be dismissed.
*1056 3. “ Where there is a judgment in favor of the appellant, granting him the mode and manner of doing what he asks, the appeal taken by him will be dismissed.”
The record fails to bear the appellees out in their statements in the motion to dismiss. Defendants have constantly resisted plaintiffs’ demand and sought to have it dismissed. At no time have they abandoned their opposition. • The fact that the judge in rendering judgment declared that the decree was rendered by reason of the law and the evidence, and the verdict of the jury being in favor of defendants and against the plaintiffs, amounts to nothing in view of the decree itself, which was adverse to the defendants on issues raised and presented by them.
In the case of the Police Jury vs. Succession of McDonogh, 8 An. 362, this court said:
“A party may appeal from a judgment rendered in his favor, and at his own instance, to correct any errors in it.”
As a matter of course a mere’ declaration by either judge or jury, or by both, that a judgment is one in favor of a defendant when in reality it is one against him, can have no effect as against the facts disclosed by the record. There is no merit in the motion to dismiss. The appeal is sustained. 2 An. 182; 8 An. 362.
The defendants and appellants contend most earnestly that the District Court should have sustained the first exception filed by them, which was to the effect “ that J. W. Stokoe was not authorized to represent his minor child, for the reason that the abstract of inventory showing the amount and value of the property of the minor had never been recorded, and that if any appointment of said Stokoe as tutor of the said ’ minor had been made (which was ex - pressly denied) said appointment was absolutely null, void and without effect of any kind, and that no ‘ letters of tutorship’ having issued from the District Court he should be held to be without appointment or authority of any kind to represent the minor. ’ ’
The record shows that on che 29fch of April, 1892, J. W. Stokoe filed in the District Court for Iberia a petition in which he alleged that his wife, Mattie J. Stokoe, had died in that parish; that her succession had been opened, and an estimative inventory of her said estate had been made and duly filed and recorded in Iberia parish; that his said wife had died leaving one minor, the issue of her marriage with him, and that said child had inherited part of her estate, and was *1057 the owner thereof; that said minor was named Neil Stokoe, and that he (petitioner) was the tutor by nature and desired to qualify as such, as no tutor had been appointed to represent the minor, and he therefore prayed to be allowed to qualify as natural tutor. We find, on the same day, an order of the district clerk that, “considering the petition, it is ordered that J. W. Stokoe be allowed to qualify as natural tutor to his minor child, Neil Stokoe, issue of his marriage with Mattie J. Stokoe, and that an abstract of the inventory of the property of said minor, as shown by the estimative inventory made on the- day of--, 18 — , of the estate of J. W. Stokoe (Mattie J. Stokoe ?), be duly recorded upon the mortgage books of Iberia parish.”
We find that on April 30, 1892, J. W. Stokoe took the oath of office as natural tutor to his minor child, but we find no further order-relative to his appointment or confirmation, and no evidence was adduced to show that “ letters of tutorship” had ever been issued to him, although that fact was expressly put at issue.
The record further shows that on the twenty-fifth day of April, 1891, an inventory, with appraisement, was made of the property of the succession of Mattie J. Stokoe and filed in the office of the clerk of the District Court on the same day, but that up to the date of the rendition of the judgment in this case in the District Court neither this inventory nor any abstract thereof had been recorded in the mortgage books of the office of the recorder of the parish of Iberia.
Defendants call our attention to Articles 321 and 335 of the Civil Code, the first of which declares that “ in the several cases in which the tutor is not required to give bond it shall be the duty of the clerk of the District Court of the parish in which the appointment is to be made to furnish a certificate of the amount of the minor’s property, according to the inventory on file in his office. This certificate must be recorded in the mortgage book of the parish in which the tutor resides, and a certificate to that effect, signed by the recorder of mortgages, must be presented to the judge before he can make the appointment or authorize ‘ letters of tutorship ’ to be issued,” and the second that “ the letters of tutorship shall not be delivered to the tutor until he shall have complied with the law as herein required.
“ Until they shall have been delivered to him' he shall not interfere with the administration of the property of the minor, except *1058 for the purpose of preserving it in cases which admit of no delay. The tutor is not recognized, confirmed or appointed, nor is he permitted to act as tutor, until the judge renders and signs a decree authorizing letters of tutorship to be issued.” The provisions of these two cited articles are combined in Art. 3351 of the Oivil Code.
Defendants insist that these articles are mandatory, as conditions precedent to an appointment as or t o action as a tutor, and that as resulting from that fact they operate a prohibition against such action, which if taken is null, void and of no effect. They cite several decisions in support of their contention, particularly the succession of Arlaud, 42 An. 548.
Plaintiffs on the other hand, rely upon that of Stackhouse vs. Zuntz, 36 An. 530, and the conclusion reached in that case by this court, construing the articles just copied in connection with Art. 304 of the code, which provides among other causes . for the ‘ ‘ removal ” of a natural tutor, that of his neglect to have had this inventory made and recorded at the time and within the period prescribed by law, which time (as the court then construed it) was that required by the two articles first quoted.
After mature deliberation upon the questions submitted to us for adjudication in this ease, we have reached the conclusion that, under the circumstances and conditions in which they were raised, the district judge on the exception filed by the defendant as to the right of J. W. Stokoe to represent the minor, Neil Stokoe, as his tutor or to stand in judgment for him therein, should have sustained the same to the extent of dismissing the said J. W. Stokoe (as representing Neil Stokoe as tutor) as a co-plaintiff from these proceedings.
Defendants as joint owners of the property sought to be partitioned have direct substantive rights of their own entitling them to insist by reason of the same upon having the proceedings so conducted as to cast no cloud upon them which would affect the price to be obtained, or throw a doubt upon the title to be conveyed under them. Their continuing obligations as co-vendors of the property to be sold authorize them reasonably to demand at the hands of the court that proceeding of doubtful validity which have not yet reached their consummation, but are in process of formation, should not be permitted to pass on to finality, but should be forced to be placed securely beyond the danger point.
*1059 Without expressing any opinion as to whether defendant’s contention, that an appointment by a court]of a person as tutor prior to the recording required by law of the abstract of the inventory of the minor’s property is an absolute nullity, be well founded or not, or what would be the effect under differing circumstances of acts done by a person acting as tutor under such a state of facts, it is sufficient for us to say that the defendants have brought to our notice a condition of things such as to certainly entitle them to protection. Doubtful questions should be resolved in their favor. Plaintiffs in partition have no right to jeopardize the interests of their co-owners by taking out uncertain proceedings. The failure of the father to have had the abstract of inventory recorded, and after such recording to have had “letters of tutorship” issued to him where such important interests of his child and others were at stake, was inexcusable, and is too likely to be attended by dangerous results not to be checked. Eor the reasons herein assigned, it is ordered, adjudged and decreed that the judgment appealed from be annulled and reversed, and it is further ordered and decreed that this cause be remanded to the court below and be therein reinstated, without prejudice to the rights of any one, either plaintiff or defendant, and with leave granted to all parties to so reform their pleadings and proceedings as to conform to the law and the views herein expressed; the costs of appeal to be taxed against the appellees, and those of the lower court to await final action therein.
Breaux, J., takes no part.