No. 3301

Second Circuit

WHITE v. HILL

(November 8, 1928. Opinion and Decree.)
(December 19, 1928. Rehearing Refused.)
(February 25, 1929. Writ of Certiorari Granted by Supreme Court.)

Foster, Hall and Smith, of Shreveport, attorneys for plaintiff, appellant.

John B. Files; Mabry and Carstarphen, of Shreveport, attorneys for defendant, appellee.

## STATEMENT OF THE CASE.

REYNOLDS, J. Plaintiff, Robert W. White, commenced an action in the District Court of Caddo Parish, Louisiana, against defendant, James Hill, to obtain a personal judgment against him upon two certain promissory notes dated April 8, 1926, both signed by defendant and drawn payable to maker's own order and by him endorsed in blank, both bearing interest at the rate of 8% per annum from their date until paid and stipulating payment of 10% on the amount sued for, as attorney's fees, in the event of suit for the collection thereof, one of the notes being for the sum of $600.00 and payable one year after its date and the other for the sum of $595.00 and payable two years after its date, and both paraphed "Ne Varietur" as of their date to identify them with an act of mortgage of even date therewith on one-half of lot number 29 lying next to and adjoining lot number 28, all in TAL number 15, city of Shreveport, Caddo parish, Louisiana, recorded April 8, 1926, in book number 139 at page 660 of the mortgage records of Caddo parish, securing the payment of the notes, and for recognition of his mortgage on and ordering the property sold for the satisfaction of the judgment to be rendered.

The notes and a certified copy of the mortgage were attached to and made a part of the petition.

The defendant was duly cited and served and the case allotted to the division of the court presided over by Judge T. F. Bell.

On June 4, 1927, the defendant filed a prayer for oyer of the notes and mortgage.

On June 8, 1927, judgment by default was entered in favor of the plaintiff and against the defendant.

On June 11, 1927, the judgment by default was confirmed and formal judgment in favor of the plaintiff and against the defendant as prayed for by the plaintiff was rendered and signed.

On June 14, 1927, the defendant filed a motion to vacate the judgment by default and the judgment of confirmation, on the ground that they were prematurely rendered for the reason that at the time of their rendition there was pending and undisposed of a prayer for oyer.

On June 20, 1927, a writ of fi. fa. was issued upon the judgment and placed in the hands of the sheriff, who, on the same day, seized and took into his possession the property described in the judgment.

The minutes show that on June 25, 1927, defendant's motion to vacate the judgments as premature was overruled; but we do not find in the record any signed formal judgment to that effect.

On July 9, 1927, the plaintiff filed a motion to vacate both judgments as prematurely rendered, on the same grounds as set up by defendant in his motion.

The minutes further recite that on July 11, 1927, this motion was granted and the judgments vacated.

On July 13, 1927, a new judgment by default in favor of the plaintiff and against the defendant was entered.

On October 13, 1927, this judgment by default was confirmed and a new judgment in favor of the plaintiff and against the defendant as prayed for by the plaintiff was rendered and signed by Judge J. H. Stephens.

On October 14, 1927, the sheriff returned the writ of fi. fa. into court with the following endorsement thereon:

148

"Received the within writ of fieri facias on the 20 day of June, 1927, and on the 21 day of June, 1927, executed the same by seizing and taking into my official possession the following described property, to wit: one half of lot 29 lying next to and adjoining lot 28 in T A L, 15, city of Shreveport, Caddo parish, La. together with all buildings and improvements thereon.

"E. E. Marvell,
"Deputy Sheriff.

"I herewith return this writ to Clerk's office, the seventy days having expired, retaining the above described property under seizure by virtue of this writ.
"Oct. 14, 1927.

"M. Martin,
"Deputy."

We do not find in the record any further return by the sheriff of what he did in further execution of the writ, but apparently he sold the seized property on December 3, 1927, to W. A. Mabry' for the price of $1650.00 and that Mabry refused to pay the price and take title, for on December 12, 1927, Mabry was ordered by Judge Stephens to show cause on December 14, 1927, why he should not comply with his bid.

The minutes further show that on February 4, 1928, the rule was recalled and Mabry dismissed, but we do not find any signed formal judgment to that effect in the record.

On March 14, 1928, the plaintiff was granted an order of devolutive appeal to this court from—

"the judgments rendered herein on June 11th, 1927, October 13th, 1927, and the judgment rendered on rule herein February 4th, 1928."

The defendant has filed in this court a plea of estoppel and of acquiescence in the judgment appealed from by the plaintiff, and the plaintiff has filed in this court a motion to remand the case to the District Court.

OPINION.

Plaintiff seeks to appeal from three judgments, two of them in his own favor rendered on his own petition and awarding him all the relief prayed for by him, and no more, and the third against him.

As to the two judgments in his favor, the law does not permit an appeal from them for the reason, as stated in the case of State ex rel. John T. Moore Planting Co., Ltd., vs. Howell, Judge, et al., 139 La. 336, 71 So. 539:

" "* * * the party against whom judgment had been rendered cannot appeal: (1) If such judgment have been confessed by him, or if he have acquiesced in the same, by executing it voluntarily * * *.' C. P. Art. 567.

"And, a fortiori, a party in whose favor a judgment has been rendered, in strict accordance with his own prayer, cannot appeal, since a prayer that a judgment be rendered is something more than even a confession or an acquiescence and operates, if that be possible, as a more complete estoppel to deny the correctness of the judgment so obtained than does a confession, to deny the correctness of the judgment confessed, or an acquiescence, to deny the correctness of the judgment acquiesced in."

Appellant does not contend that the judgments did not give him all the relief prayed for or that they gave him relief not prayed for but only that they were prematurely rendered.

Appellant cites the case of Marsalis vs. Rent, 2 La. App. 515, but that case is distinguishable from this. The appellant there had prayed for a personal judgment against the appellee for a debt with recognition of a mortgage on certain land given to secure its payment. The trial court gave him judgment as prayed for, except that the land it recognized his mortgage on was not that described in his petition

or the mortgage but different land; and what he asked this court to do and what this court did was to amend the judgment so as to make it recognize his mortgage on the land described in his petition and the mortgage instead of on land not described in either.

And as to the judgment against appellant, the appellee was not cited and has not appeared in this court and therefore we are without jurisdiction ratione personae of the appeal.

Code of Practice, Article 581.

Cockerham vs. Bosley, 52 La. Ann. 65, 26 So. 814.

We do not find in the record any formal signed judgment recalling the rule and dismissing the defendant in rule. The only parties to that proceeding were the appellant here and Mabry, the defendant in rule and the judgment of the court was definitive *quo ad* the latter on all questions presented by the rule. True, the minutes show that the rule was recalled and the defendant in rule · dismissed, but, in our opinion, this was not sufficient.

"The signature of the judge to any final decree rendered by him, is absolutely necessary to constitute it a judgment. Mere entries of judgment on the minutes of the court, unsigned by the judge of the court, are not judgments."
State ex rel. Hartwell vs. Jumel, 30 La. Ann. 421.
Counsel for appellant, in brief, declares that—
"The whole matter is gotten to the point where plaintiff cannot extricate himself from the difficulties of two judgments *apparently* in his favor without the relief of this court."

There has not been any direct attack on the validity of both or either of the judgments in appellant's favor and their validity

vel non has never been passed upon by the District Court, and until this has been done this court is without jurisdiction to say whether they are valid or invalid, as we have no original jurisdiction, except in certain instances, to which the one before us does not belong.

For the reasons assigned the appeal is dismissed.

WEBB, J., concurs.