Once previously this case has been before us on appeal taken by the plaintiff, from a judgment dismissing its suit, dissolving a writ of sequestration, awarding defendant damages in reconvention and dismissing the calls in warranty.
In our opinion rendered on May 20, 1947, the issues presented in the lower court and also presented in this court have been clearly set forth. See 30 So.2d 766. This present appeal is on behalf of C. Ben Snell, warrantor of defendant Naquin and the purchaser of the automobile from William A. Richardson, Jr., whom Snell had called in warranty. For the purpose of this opinion it is apropos that a short resume of what transpired, even if repetitious, be given.
From an adverse judgment dismissing its suit, a judgment in reconvention against it and in favor of Naquin, defendant, and dismissing all calls in warranty by Naquin against Snell, Snell against Richardson and Richardson against Nastasi, plaintiff appealed to this court. Defendant Naquin also appealed from the judgment dismissing his call in warranty. Both appellants perfected their appeals.
In this court Naquin answered plaintiff's appeal, praying for an increase in the amount of the award on his demand in reconvention. Richardson also answered plaintiff's appeal, praying that in the event the judgment be reversed, that there be judgment in favor of the plaintiff against the defendant Naquin, and in favor of *Page 70 
Naquin against the various warrantors, then that the defendant Naquin was not entitled to recover from any of the said warrantors the damages claimed by him. Snell did not take any action in this court. The case was argued and submitted on April 9, 1947, on the issues thus made.
On May 20, 1947, we avoided and reversed the judgment of the lower court in so far as it dismissed plaintiff's suit, and granted judgment in favor of plaintiff in rem. We affirmed the judgment of the lower court in so far as it dismissed the calls in warranty, stating: "We note that none of the defendants or warrantors have answered the appeal praying that in the event of a reversal of the judgment appealed from they be given judgment on their respective calls in warranty. To the extent that the judgment dismissed all calls in warranty, therefore, it will have to be affirmed as it cannot be amended in so far as co-appellees are concerned." 30 So.2d 772(5).
On May 30, 1947, Naquin applied for a rehearing and pointed out to us, amongst other errors assigned, that he had appealed from the judgment of the lower court dismissing his call in warranty against Snell by motion in open Court made on January 3, 1947, the date of judgment, and had perfected the appeal by furnishing bond on January 17, 1947, and the appeal was filed before the return date in this court and the costs of the appeal were paid.
On June 2, 1947, Snell filed all application for rehearing in which he sets forth that we erred in holding that the chattel mortgage was valid and in holding that all calls in warranty should be dismissed. In this application, he informed us that he had filed in the lower court a petition for a devolutive appeal from the judgment rendered therein on January 3, 1947.
In passing on these applications for rehearing, we acknowledged our mistake in having overlooked the appeal taken by Naquin, and amended our former decree by allowing judgment in favor of Naquin on his call in warranty, against Snell, in the sum of $1,530.40, with legal interest from judicial demand until paid, and costs. As to Snell's application, we stated: "* * * as he did not appeal from the judgment of the District Court which had dismissed his call in warranty nor did he answer the appeals taken, his application cannot be considered or acted upon. In his application, it is stated that 'he has filed in the Seventeenth Judicial District Court for the Parish of Terrebonne, State of Louisiana, a petition for devolutive appeal from the judgment rendered therein on the 3rd day of January, 1947,' but the record contains no evidence of such appeal." All applications for rehearing were refused,31 So.2d 247, 248(4).
On July 2, 1947, Snell filed a second application for rehearing. This application was not considered by us.
The record shows that on June 2, 1947, Snell petitioned for and was granted a devolutive appeal from the judgment dismissing his call in warranty against Richardson. This appeal was lodged in this court on July 2, 1947.
On July 14, 1947, Richardson, warrantor and appellee in this appeal, filed a motion to dismiss the appeal and a plea of estoppel. The motion to dismiss and the plea of estoppel are predicated on the following reasons: (1) That Snell, in his answer and call in warranty, prayed (a) for a judgment in favor of Naquin and against plaintiff, dismissing plaintiff's suit at its costs; (b) that the claims of Naquin be denied; (c) that he, Richardson, be called in warranty and that in the event he, Snell, should be cast in the call in warranty of Naquin, then in that event, he, Snell, should have judgment in like amount against him, warrantor of Snell; (d) and "for all necessary orders necessary in the premises * * * and for all general and equitable relief". (2) That that portion of the said judgment dismissing all calls in warranty was a necessary complement and in strict compliance with Snell's prayer for general and equitable relief. (3) That a party in whose favor a judgment has been rendered, in strict compliance with his own prayer, cannot appeal. (4) That Snell is now estopped from denying the correctness of the judgment since it was in strict accordance and compliance with his own prayer. *Page 71 
On July 14, 1947, with reservation of his rights under his motion to dismiss the appeal and his plea of estoppel, Richardson answered the appeal, praying that the judgment dismissing Snell's call in warranty be affirmed; and, in the alternative, then and in that event his call in warranty against Nastasi be maintained, and judgment rendered in his favor and against Nastasi.
It is the contention of Snell that no appeal on his part was necessary in the beginning, for the reason that under Code of Practice, Article 385, if the defendant be cast in the action, it necessarily follows that the judge must pass upon and render a judgment in favor of the defendant against his warrantor and that we should have thus rendered such judgment in his favor. However, he contends that as soon as he received a copy of our judgment, he took an appeal within the time prescribed by law, that is, Code of Practice, Article 393.
 On motion to dismiss and the plea of estoppel.
It is apparent from the record that the demand of Naquin, the warrantee of Snell, was, in the judgment rendered, fully granted.
[1] He had prayed for the non-effect of the chattel mortgage and the dissolution of the writ of sequestration, with damages. Such was the prayer of Snell's answer, and Richardson's also. The remainder of Naquin's and of the warrantors' prayers in their answers, was for a call in warranty for a like judgment as might be rendered in favor of Naquin. Since judgment was not rendered against Naquin, we have our serious doubts that either Naquin or the warrantors had any right of appeal. It is now definitely settled that a litigant may not appeal from a judgment in his favor rendered in strict accordance with his own prayer. See State ex rel. John T. Moore Planting Co. v. Howell, Judge, 139 La. 336, 71 So. 529; White v. Hill, 10 La. App. 146, 122 So. 75.
[2] Snell now contends that no appeal on his behalf was necessary in that the call in warranty was an ancillary demand, depending entirely on the outcome of plaintiff's suit. He cites Code of Practice Article 385, which reads as follows: "If the defendant is cast in the action, the judge, when he gives judgment against such defendant, must render at the same time judgment in favor of the defendant against his warrantor, for whatever indemnity may be due to such defendant." He further contends that the dismissal of the calls in warranty by the trial judge was purely surplusage. Then for stronger reason, since it was surplusage, there was nothing from which he could appeal.
[3] Furthermore, if the dismissing of the calls in warranty was surplusage and we should have been guided by Code of Practice, Article 385, then Snell, being an appellee, was called upon, on the first hearing, to have answered the appeal, and request, in the alternative, to recognize his call in warranty as against his warrantor, Richardson, and to call, in his application for rehearing, to our attention the said Article. On the hearing of the case, Snell did not argue or furnish a brief, relying altogether on the arguments and briefs furnished this court by Naquin and Richardson. On his application for rehearing, he did not furnish a brief, relying solely on his appeal taken on June 2, 1947.
Since the calls in warranty were a part of the case on the original hearing, we feel that it was encumbent upon Snell to have answered the appeals taken by the plaintiff and Naquin as provided for by Code of Practice, Article 888. Since he failed to do so, he is foreclosed by Code of Practice, Article 889, from thereafter taking an appeal, regardless of Code of Practice, Article 593, which grants a devolutive appeal from a final judgment if taken within a year from the judgment's rendition.
In the case of Hebert v. Lefevre, 31 La. Ann. 363, it was decided that a call in warranty was an incidental demand to the suit and must be determined with it. The controversy between the parties could not be divided. The incidental demand and the main action have been irrevocably linked to one another and have to be disposed of at the same time. It may be that we were mistaken in not considering the calls in *Page 72 
warranty in our first opinion. However, it is now too late to reconsider the case in that our judgment has become final. It was up to Snell to ask for a writ from the Supreme Court to review our judgment. If he finds himself in a predicament, he has only himself to blame.
For these reasons this appeal is dismissed.