80 So.2d 433

**SUCCESSION OF Brice D. DICKSON.**

No. 42088.

Dec. 13, 1954.

On Rehearing April 25, 1955.

Wilkinson, Lewis & Wilkinson, Shreveport, for appellant.

Lunn, Irion, Switzer, Trichel & Johnson, Shreveport, for appellee.

HAMITER, Justice.

Brice D. Dickson died testate at his domicile in Caddo Parish on July 4, 1953. Surviving were his widow, Mrs. Elizabeth M. Dickson, and his mother (a forced heir), Mrs. Bula D. Dickson.

Following probate of decedent's olographic will, in which Mrs. Elizabeth M. Dickson was constituted sole and universal legatee, such widow and the mother joined in a petition in which they alleged, among other things, the following:

"That petitioner, Mrs. Bula D. Dickson, is the forced heir of her said son and is entitled to one-fourth of her son's estate and petitioner, Mrs. Elizabeth Moseley Dickson, is entitled to the remaining three-fourths thereof under the provisions of said will;".

And petitioners prayed accordingly.

On August 14, 1953, wholly in keeping with the allegations and prayer of the petition, the widow and mother, by an ex parte judgment, were sent into possession of decedent's estate (inventoried at $5116.-62) in the proportions of three-fourths and one-fourth, respectively.

Subsequently (almost a year later), Mrs. Bula D. Dickson, the mother, requested and obtained this devolutive appeal. In connection with it she shows that the share of her son's estate to which she is entitled is one-third, rather than one-fourth as was decreed by the district court in the ex parte judgment. And she contends that since

the judgment could be so changed in another suit, as was accomplished in Janney v. Calmes, 212 La. 756, 33 So.2d 510, she should be able to achieve the same result by appealing from it. As pointed out by her, the rationale of the Janney case was that estoppel "will not be maintained unless the person urging it has been misled, to his prejudice, by acts of omission or commission of him who is sought to be estopped."

 Urging that decedent's mother cannot appeal from a judgment rendered strictly in accordance with the prayer of her petition (as is the case here), Mrs. Elizabeth M. Dickson, the widow, has moved to dismiss the appeal.

The motion appears to be meritorious. Our jurisprudence is to the effect that "a party in whose favor a judgment has been rendered, in strict accordance with his own prayer, cannot appeal, since a prayer that a judgment be rendered is something more than even a confession or an acquiescence * * *." State ex rel. John T. Moore Planting Co. v. Howell, 139 La. 336, 71 So. 529. See also White v. Hill, 10 La. App. 146, 122 So. 75, same case, 168 La. 92, 121 So. 585; Salassi v. Salassi, 220 La. 785, 57 So.2d 684; Barbara, Inc., v. Billelo, 212 La. 937, 33 So.2d 689; Mossler Acceptance Corporation v. Naquin, La.App., 33 So.2d 69 (writ refused by this court).

Appellant, in opposing the motion to dismiss, cites and relies on Police Jury—Right

Bank—to Use of the New Orleans, Opelousas & Great Western R. Co. v. Succession of McDonogh, 8 La.Ann. 341; Hewes v. Baxter, 45 La.Ann. 1049, 13 So. 817 and Otwell v. Vaughan, 186 La. 911, 173 So. 527. These cases are distinguishable from the instant matter. In none was the judgment rendered by the trial court strictly in conformity with the pleadings, prayer or demands which the appellant had submitted in the proceedings in the district court.

For the reasons assigned the appeal is dismissed.

### On Rehearing

PONDER, Justice.

The widow and mother of the deceased were sent into possession of the property involved in this suit by an ex parte judgment on their joint petition in the proportion of $\frac{1}{4}$th to the mother and $\frac{3}{4}$ths to the widow. The mother appealed from this judgment asking us to correct the judgment and decree her to be the owner of a $\frac{1}{3}$ interest in the property. The widow moved to dismiss the appeal and we, on original hearing of the motion, dismissed the appeal after arriving at the conclusion that the appellant could not appeal from a judgment rendered in accordance with the prayer of her petition. A rehearing was granted and after a second consideration of this matter we have arrived at the conclusion that the opinion handed down on the original hearing is correct.

· ·We have re-examined the authorities relied upon in the original opinion and find they support the conclusion reached therein.

The case of Otwell v. Vaughan, 186 La. 911, 173 So. 527, relied upon by the appellant on this rehearing as authorizing this Court to correct the judgment is not in point for the reason that it was the defendant in that case who had appealed from an adverse judgment.

The case of Hewes v. Baxter, 45 La. Ann. 1049, 13 So. 817, cited by appellant, was a partition suit wherein the court refused the motion to dismiss on the ground that the defendants had appealed from an adverse judgment.

In the case of Police Jury, to Use of the New Orleans, Opelousas & Great Western R. Co., v. Succession of J. McDonogh, 8 La.Ann. 341, it appears that the parties consented to a judgment pro forma in order to get a speedy adjudication on appeal. It was specifically stated in the judgment that the right of appeal was reserved.

A judgment sending heirs into possession of property is an ex parte judgment and if there is any error in the judgment it may be corrected in proper proceedings in the district court. It is well settled that such judgment is not res judicata. Janney v. Calmes, 212 La. 756, 33 So.2d 510 and the authorities cited therein. The proper method of correcting the error in this ex parte judgment is to proceed in the district court because this Court does not have original jurisdiction over the matter. The appellee seriously disputes the appellant's contention that she is entitled to ⅓ interest in the property and this matter should be heard before the court having original jurisdiction and, if the parties are not satisfied with whatever judgment may be rendered, they have the right to have it reviewed on appeal. We cannot exercise original jurisdiction in this matter because our jurisdiction is only appellate.

For the reasons assigned, our original opinion is reinstated and the appeal is hereby dismissed.

HAWTHORNE and McCALEB, JJ., dissent with written reasons.

HAWTHORNE, Justice (dissenting).

Under the facts of this case as set forth in the original opinion of this court, and as alleged in the petition, the testator was survived by his widow and his mother.

Article 1494 of the Louisiana Civil Code provides that donations inter vivos or mortis causa cannot exceed two-thirds of the property, if the disposer, having no children, leaves a father, mother, or both. Under the facts of the instant case, therefore the legitime of the surviving mother is one-third, and not one-fourth, and it was an error of law for the mother to pray for only one-fourth of her son's estate, and for the district court judge to award her this amount as her legitime.

I am of the opinion that this case is an exception to the general rule relied on by the majority—that a party in whose favor a judgment has been rendered in strict accordance with his own prayer cannot appeal. This court recognized such an exception in a case involving an error of fact. Otwell v. Vaughan, 186 La. 911, 173 So. 527. *An error of law which appears on the face of the record* seems to me to be an even better reason for making an exception to the general rule, especially when it appears that the error was made by the attorney who represented the surviving wife and who prepared the petition.

Moreover, this is a small estate, and the difference between one-fourth and one-third of the estate is approximately $426. The cost of bringing new proceedings in the district court and additional attorney's fees will considerably reduce this small amount. Accordingly I think that this appeal should be maintained and that the error of law in the district court should be corrected in the present proceeding.

I respectfully dissent.

McCALEB, Justice (dissenting).

The ex parte judgment rendered by the district court, from which this appeal has been taken, is founded on the allegation "That under the law of Louisiana * * " appellant, the mother of decedent, is a forced heir "to the extent of an undivided one-fourth of his estate". This is an erroneous statement of the law as Article 1494 of the Civil Code provides that donations inter vivos or mortis causa "can not exceed two-thirds of the property, if the disposer, having no children, leave a father, mother, or both." Yet, the court, in its original opinion which is reinstated on rehearing, holds that the appeal must be dismissed because this was the judgment prayed for by appellant.

Although it is ordinarily true that a party in whose favor a judgment has been rendered cannot appeal therefrom, the court has recognized exceptions to this rule on more than one occasion. See Police Jury to Use of the New Orleans, Opelousas & Great Western R. Co. v. Succession of McDonogh, 8 La.Ann. 341; Hewes v. Baxter, 45 La.Ann. 1049, 13 So. 817; Barbara, Inc., v. Billelo, 212 La. 937, 33 So.2d 689 and Salassi v. Salassi, 220 La. 785, 57 So.2d 684. Indeed, the relief asked by appellant on this appeal is identical in principle with that sought by the appellees in Otwell v. Vaughan, 186 La. 911, 173 So. 527,[1] where the court upheld the appeal.

1. In that matter appellees had answered the appeal, praying for a change in the judgment which had been rendered in accordance with the prayer of their petition. Appellants then attempted to dismiss their appeal but the court refused the dismissal on the ground that, since appellees had answered the appeal, they were entitled to have the judgment of the trial court corrected notwithstanding that that judgment granted the exact relief prayed for by them in their petition.

847

The rationale of the opinion on rehearing is that the appeal will not be entertained because the judgment is ex parte and that, therefore, appellant may have the error corrected by proceeding in the district court. But I cannot see why the appeal should be dismissed for that reason as I know of no provision of law that denies a person aggrieved from appealing from an ex parte judgment. In fact, it strikes me that appeal is the proper remedy, even though appellant might be entitled to pursue another course in the district court. Whatever be her remedy there, it would appear that it is coextensive and identical in nature with the relief she seeks in this case and that, if she cannot complain of the judgment because it conformed to her prayer, the same sort of reasoning would bar her from proceeding before the trial court.

I respectfully dissent.