AYRES, Judge.
Plaintiff has appealed from a judgment sustaining an exception of no cause of action. The appellee has moved for a dismissal of the appeal on the ground that a party is without right of appeal from a judgment rendered in accordance with his prayer or motion.
A résumé of the proceedings is a prerequisite to a consideration of the issue presented. The minutes reflect that simultaneously with the filing of an exception of no cause of action defendant filed an answer denying generally the allegations of plaintiff’s petition. The exception was referred to the merits. Following this ruling, plaintiff propounded interrogatories to three witnesses residing in the State of Missouri for the purpose of establishing proof of its claim. Notice to propound cross-interrogatories was served upon defendant through his counsel, who thereupon filed objections to the interrogatories propounded by plaintiff. The objections were sustained. Following this action plaintiff refiled the interrogatories and sought to avoid the irregularities first complained about. Similar objections were again made which, in part, were also sustained. This action was followed by plaintiff filing an amended and supplemental petition, to the allowance of which defendant objected on the ground that such amendment changed the issues. Upon the basis of this objection, the amended and supplemental petition was disallowed. The minutes then reflect that at the same motion hour the exception of no cause of action was “argued, submitted and sustained.” Two days later, however, the minutes pertaining to the action of the court sustaining the exception were corrected to read as follows:
“The Minutes of Feb. 10, 1958 were corrected upon motion of Counsel for Defendant to read as follows:
“ 'Objection by Defendant to Plaintiff’s supplemental and amended petition argued, submitted, and sustained. Counsel for Plaintiff requested that the Court pass upon the exception of no cause of action heretofore filed and that the Court sustain said exception. Whereupon, the Court sustained said exception of no cause of action and dismissed the suit at Plaintiff’s cost.’ Judgment read by Counsel for Defendant and tendered for signature; objected to by Counsel for Plaintiff; objection overruled and said judgment as read signed and filed. Motion made on behalf of Plaintiff for orders of de-volutive appeal to the Court of Appeal, Second Circuit of Louisiana; appeal granted as requested, returnable on. March 17, 1958, the devolutive appeal bond being fixed at $50.00.” (Emphasis-supplied.)
Appellee’s motion to dismiss is-predicated upon that portion of the minutes-which we have emphasized hereinabove wherein it is contended plaintiff requested' the court to sustain the exception. Cited in support of his position is Succession of Dickson, 227 La. 838, 80 So.2d 433, 434, wherein it was stated:
“Our jurisprudence is to the effect that ‘a party in whose favor a judgment has been rendered, in strict accordance with his own prayer, cannot appeal, since a prayer that a judgment be rendered is something more than even a confession or an acquiescence *187 * * State ex rel. John T. Moore Planting Co. v. Howell, 139 La. 336, 71 So. 529. See also White v. Hill, 10 La.App. 146, 122 So. 75, same case, 168 La. 92, 121 So. 585; Salassi v. Salassi, 220 La. 785, 57 So.2d 684; Barbara, Inc., v. Billelo, 212 La. 937, 33 So.2d 689; Mossier Acceptance Corporation v. Naquin, La.App., 33 So.2d 69.”
We do not think this argument has any application under the facts and circumstances disclosed by the record and the minutes heretofore referred to. From the minutes it is shown that the judgment was read and signed over plaintiff’s objection. Counsel’s contention that he was only trying to get the court to pass upon the exception, after objections had been sustained to the allowance of his amended and supplemental petition, is clearly reflected in the minutes, which refute the argument that plaintiff intended to request a voluntary non-suit. Where the minutes are obscure or ambiguous, counsel should take appropriate action to have the minutes corrected so as to show the real intent and purpose of the action taken. This, however, in the instant case appears unnecessary as the minutes as a whole are sufficiently clear as to reflect the action intended. There is no showing of an unconditional, voluntary and absolute acquiescence in the judgment on the part of the appellant or that it intended to acquiesce in the judgment and to abandon its right of an appeal. As pointed out, the minutes clearly reflect a contrary intention, particularly where plaintiff’s counsel entered an objection to the signing of the judgment and immediately appealed from the judgment.
Appropriate here is a statement of the Supreme Court in Scott v. Scott, 218 La. 211, 48 So.2d 899, 901:
“Under Article 567 of the Code of Practice, a party against whom a judgment has been rendered cannot appeal if such judgment has been confessed by him or if he has acquiesced in the same by executing it voluntarily. Under the well settled jurisprudence of this state, however, to lose the right of appeal there must be an unconditional, voluntary, and absolute acquiescence in the judgment on the part of the appellant zvho must have intended to acquiesce and to abandon his right of appeal. Saunders v. Busch-Everett Co., 138 La. 1049, 71 So. 153; Sanderson v. Frost, 198 La. 295, 3 So.2d 626; State ex rel. Parish of Plaquemines v. Baynard, 204 La. 834, 16 So.2d 451; City of Monroe v. Glasscock, Morrison, Conner Const. Co., La.App., 178 So. 684; Cooper v. Federal Land Bank of New Orleans, La.App., 197 So. 822.” (Emphasis supplied.)
The above was quoted with approval in Kendrick v. Garrene, 231 La. 462, 91 So.2d 603, 605.
Moreover, under our law and jurisprudence, appeals are favored and aided by the courts. ' One against whom final judgment has been rendered in a cause in which an appeal is given by law is entitled to an appeal as a matter of right. He should not be deprived of that right except in clear instances of acquiescence or abandonment. Kendrick v. Garrene, supra. The motion to dismiss the appeal is, therefore, without merit and is denied.
Prerequisite to a consideration of the exception of no cause of action is a determination of the issue as to the dis-allowance of the amended petition. In its original petition plaintiff alleges that by verbal agreement of July 31, 1956, defendant was employed as its sales representative for the territories of Louisiana, East Texas, Arkansas and Illinois to sell its line of merchandise to funeral homes on a commission basis, and that, per an agreement, advances were made to defendant, the amount of which exceeded the commissions by the sum of $921.82, as shown by an itemized statement attached to and made part of its petition. Alleging that defendant was indebted unto it in the aforesaid *188 sum and that defendant had admitted such indebtedness and promised to pay same, plaintiff prayed for judgment accordingly. By the supplemental and amended petition filed and tendered for allowance, plaintiff specifically alleged an agreement whereby the defendant obligated himself to pay the aforesaid advances. Other allegations were that the contract was to be exclusive, whereas it is contended defendant took on a competitive line of merchandise, by reason of which their agreement and defendant’s contract of employment were terminated. Defendant’s objection to the allowance of the amendment was that the amendment changed every material issue of the case, specifically, that the contract would be changed from a nonexclusive basis to one of exclusive employment and the advances against commissions earned, to an agreement or obligation on defendant’s part to repay the advances in excess of the commissions. There is nothing in the original petition from which it could be concluded that the advances were made against the commissions or that such advances were to be paid only from commissions earned. The amendment merely amplifies plaintiff’s original allegations. The demand was not different. It remained the same. No change was made in the substance of plaintiff’s demands. There was no change in plaintiff’s demands — it merely seeks in the amended petition to recover of the defendant advances in excess of commissions earned in the sum of $921.82 — the same as in the original petition.
Also appropriate here is a statement of the Supreme Court in Breaux v. Laird, 230 La. 221, 88 So.2d 33, 37, where it was observed:
“It is well settled in our jurisprudence that amendments to pleadings should be permitted where they tend to further justice, cause no injury and are without prejudice to the right of the other party. Should the other party plead surprise, he may obtain time to prepare adequate defense. Our modern-day tendency is to relax the technical rules of pleading in order to arrive at the truth, afford a litigant his day in court and avoid a miscarriage of justice. This court has consistently recognized the right of the plaintiff to amend his petition with the leave of court, after issue joined, provided the amendment did not assert a demand different from the relief first sought or change the substance of the demand. Code of Practice Article 419; Coleman v. Continental Bank & Trust Co., 139 La. 1078, 72 So. 742; Ruiz v. American Trading Co. of New Orleans, 167 La. 28, 118 So. 597; Seale v. Stephens, 210 La. 1068, 29 So.2d 65; Messersmith v. Messersmith, [229 La. 495] 86 So.2d 169.”
The objections to the allowance of plaintiff’s amended and supplemental petition were without merit and should have been overruled. It was error, therefore, to disallow the amended and supplemental petition.
In urging the exception of no cause of action defendant’s contention is that, in the absence of an expressed or implied agreement to repay the advances over commissions earned by a salesman, the employer is without right to recover any excess from the salesman. Cited in support of this proposition are Bardwell v. Szatmary, La.App., 99 So.2d 420, and McCardle, v. Nagim, La.App., 61 So.2d 267. In the former case, after extensively reviewing the jurisprudence on the subject, it was stated [99 So.2d 423]:
“Thus, it may be stated that the established jurisprudence of this State is to the effect that where a salesman is given a drawing account and no contract for repayment of excess over commissions is agreed to or implied, the employer cannot, on the termination of the employment, recover the excess from the salesman.”
*189 However, as heretofore pointed out, plaintiff alleges an agreement and obligation on the part of the defendant to repay the advances in excess of the commissions earned and, therefore, so far as the exception is concerned, the authorities cited have no application. Their applicability to the facts could only be determined after a trial on the merits. We find no merit in the exception.
The defendant correctly contends that the allowance or disallowance of amended pleadings after issue joined is largely within the sound discretion of the trial court and will not be disturbed except in instances where the abuse of the discretion is manifest and indicates probability of resulting injustice. Russell v. Vance, La.App., 90 So.2d 553; Gill v. Citizen, La.App., 63 So.2d 24; Industrial Loan Co. of Monroe, Inc., v. Noe, La.App., 183 So. 175.
Inasmuch as we have endeavored to point out, the amended petition did not change the issues there was no basis for defendant’s objection to the allowance thereof. The original petition is not contradicted but only amplified by the amended petition. No harm or prejudice is done by its allowance, whereas injustice might result from its disallowance. Under the circumstances, as alleged, the disallowance of the amendment constitutes manifest error.
The judgment appealed is therefore annulled, avoided, reversed and set aside, and, accordingly, the amended and supplemental petition is allowed and the exception of no cause of action is overruled, and this cause is, therefore, remanded to the First Judicial District Court in and for Caddo Parish, Louisiana, for further proceedings consistent with the views herein expressed and according to law, defendant-appellee to pay the costs of this appeal; all other costs to await final determination of this cause.
Reversed and remanded