SAVOY, Judge ad hoc.
In the case at bar William J. Sheridan and his wife, Lena M. Sheridan, filed this suit against Wilmer Deshotel, his employer, Milwhite Mud- Sales Company, and the employer’s insurer, The Fidelity and Casualty Company of New York, and also against Pacific Indemnity Company, the insurer of the said William J. Sheridan.
For a cause of action, plaintiffs allege that William J. Sheridan was driving his car on Highway 90 in an easterly direction and that Wilmer Deshotel was driving a truck owned by Milwhite Mud Sales Company in the same direction; that as the two vehicles approached the intersection of U. S. Highway 90 and Louisiana Highway 724, approximately one and one-half miles west of Scott, Louisiana, that Deshotel attempted to make a left hand turn at the intersection of said highways without giving a left turn signal, either manually or by indicator, and that as plaintiff husband attempted to pass said truck, he collided with same. Plaintiff alleged that the sole and proximate cause of the accident was the negligence of the driver Deshotel in attempting to make a left hand turn without giving the proper signal and in failing to keep a proper lookout behind him, and in failing to observe the vehicle driven by plaintiff husband; that he was further negligent in failing to keep his vehicle in proper control and in creating a sudden emergency in blocking the highway when plaintiff husband attempted to pass.
Plaintiffs plead alternatively that should the Court hold that the negligence of Wilmer Deshotel was not the sole and proximate cause of the accident the petitioners allege that the accident and resulting damages were caused by the joint and concurrent negligence of Wilmer Deshotel and William J. Sheridan in the following respects : failing to keep a proper lookout, negligence in attempting to pass at or near *307 an intersection, driving too fast, and by failing to keep his vehicle under proper control.
Plaintiffs plead further in the alternative that should the Court hold that Wilmer Deshotel was not negligent, then the negligence of William J. Sheridan was the proximate cause of the accident.
Plaintiffs then alleged certain physical .injuries to Mrs. Lena M. Sheridan, resulting from the accident, and asked for a money judgment in her behalf for pain, disfigurement, and mental anguish.
To this suit Deshotel, Milwhite Mud Sales Company, and The Fidelity and Casualty Company of New York filed an exception of improper cumulation of actions, an exception of misjoinder of proper parties defendant, an exception of no cause of action, and an exception of no right of action, and finally, an exception to the jurisdiction.
Pacific Indemnity Company filed an exception of misjoinder of proper parties defendant, an exception of improper cumulation of actions, and finally, an exception to the jurisdiction on the basis that exceptor is not a resident of or domiciled in the Parish of Jefferson Davis and the accident in the case at bar occurred in the Parish of Lafayette.
The hearing on the exceptions was heard prior to the trial on the merits.
As to defendants Wilmer Deshotel, Mil-white Mud Sales Company and The Fidelity and Casualty Company of New York, all exceptions were overruled. As to Pacific Indemnity Company, the Court sustained the exception to the jurisdiction as to the second alternative demand in plaintiffs’ petition and overruled the exception as to the principal demand and the first alternative demand.
Plaintiffs then filed a supplemental petition deleting Paragraphs 14 and 22, which .contained the third alternative demand in plaintiffs’ original petition. To this supplemental petition, Pacific Indemnity Company filed an exception of no cause and no right of action. This exception was sustained by the trial judge.
Answers were filed by all parties to the suit and after a lengthy trial, the district judge granted plaintiffs a judgment against defendants, Wilmer Deshotel, Milwhite Mud Sales Company, and The Fidelity and Casualty Company of New York, and dismissed the suit as to Pacific Indemnity Company. '
From this decision, defendants Wilmer Deshotel, Milwhite Mud Sales Company, and The Fidelity and Casualty Company of New York perfected a suspensive appeal to this court. Plaintiffs perfected a devol-utive appeal to this court.
Prior to the hearing of this case on appeal, defendants Wilmer Deshotel, Mil-white Mud Sales Company, and The Fidelity and Casualty Company of New York filed an answer to the appeal asking that the judgment of the lower court be reversed, and in the alternative, that if the judgment of the lower court was rendered against them, that the judgment should also be rendered against Pacific Indemnity Company in solido, and also that if the Court should find that the liability was only against them, that the award in favor of Mrs. Lena M. Sheridan should be reduced to the sum of $1,000, and the claim of William J. Sheridan should be rejected completely.
Pacific Indemnity Company filed two motions before the Court, one a motion to dismiss the appeal taken by plaintiffs and also to dismiss the appeal taken by defendants, Wilmer Deshotel, Milwhite Mud Sales Company and The Fidelity and Casualty Company of New York, and two, a motion to dismiss the answer to the appeal.
The Court will first consider the motions to dismiss the appeals filed by plaintiffs and by defendants-appellants and also the motion to dismiss the answer to the appeal, for the reason that if these motions are good, there will be no necessity to discuss the case on the merits.
*308 On Motion to Dismiss Appeal Filed by Plaintiffs, William J. Sheridan and Lena M. Sheridan, and Appeal and Answer to Appeal filed by Defendants, Wilmer Deshotel, Milwhite Mud Sales Company, and Fidelity and Casualty Company of New York.
It is the contention of Pacific Indemnity Company that neither plaintiffs nor the defendants-appellants named herein have a right to appeal from the judgment of the trial court insofar as the judgment pertains to it. Pacific says that in plaintiffs’ original petition their principal demand was for a judgment against defendants, Wilmer Deshotel, Milwhite Mud Sales Company and The Fidelity and Casualty Company of New York, on the grounds that Wilmer Deshotel was guilty of negligence, which negligence was the sole and proximate cause of the accident; that the demand against Pacific was an alternative demand, and since the trial judge decided the case favorably to plaintiffs on the main demand, plaintiffs have no right to appeal, except as to quantum, and have no right of appeal from the judgment of the trial court dismissing plaintiffs’ demand against it.
As to the appeal and answer of appeal filed by Wilmer Deshotel, Milwhite Mud Sales Company, and The Fidelity and Casualty Company of New York, Pacific states that the above should be dismissed for the reason that since plaintiffs have only recovered against Wilmer Deshotel, Milwhite Mud Sales Company and The Fidelity and Casualty Company of New York, the suit has been dismissed as to it. Defendants-appellants have no right to answer the appeal on the case insofar as it affects Pacific Indemnity Company.
On the other hand, plaintiffs and counsel for defendants-appellants take the position that since plaintiffs have appealed, the whole case should be reviewed by this Court.
Counsel for Pacific Indemnity Company have cited numerous cases to support their contention, namely, Moser v. Moser, 213 La. 290, 34 So.2d 782; Falcon v. Falcon, 221 La. 14, 58 So.2d 406; State ex rel. John T. Moore Planting Co. v. Howell, 139 La. 336, 71 So. 529; Succession of Dickson, 227 La. 838, 80 So.2d 433; Haindel v. Sewerage and Water Board, La.App., 115 So.2d 871; Mossler Acceptance Corp. v. Naquin, La.App., 33 So.2d 69; Macaluso v. Thibodeaux, 232 La. 431, 94 So.2d 426.
Defendants-appellants rely on the case of Otwell v. Vaughan, 186 La. 911, 173 So. 527, in support of their contention, and contend that since plaintiffs have appealed the question of whether one joint tort-feasor may appeal when he has been cast in judgment and another party made a party to the same suit was released by the judgment of the lower court is moot.
Plaintiffs in support of their contention that they can appeal the case for all purposes say that alternative pleadings have long been recognized and accepted in Louisiana. Haas v. McCain, 161 La. 114, 108 So. 305; Boxwell v. Department of Highways, 203 La. 760, 14 So.2d 627, and that appeals are favored, citing Rex-Metallic Casket Co. v. Gregory, La.App., 104 So.2d 185, and Scott v. Scott, 218 La. 211, 48 So.2d 899.
A reading of the cases cited by Pacific are all distinguishable from the case at bar either in that plaintiff did not appeal, or that there were no alternative pleadings involved.
In the case of Reid v. Monticello, La.App., 33 So.2d 760, 762, the late Justice LeBlanc, then a respected member of the First Circuit, said:
“There are several cases in which it is held that a plaintiff who had sued co-defendants and obtained judgment against only one who took an appeal, could not, by answering the appeal have the judgment reviewed as to the other defendant in whose favor the judgment had rejected the demand * * * The only way in which a *309 judgment can be reviewed in this respect would be for the plaintiff himself to appeal from that part of it.”
It is the opinion of this court that due to the fact that plaintiff husband was suing among others his liability insurer, the only manner in which he could properly plead was in the alternative as he has done. The fact that the trial judge granted plaintiffs judgment on the main demand does not in the opinion of this court, prevent him from appealing as to all parties.
This Court might hold that defendants-appellants are not liable in the case at bar, and if the appeal should be dismissed against Pacific Indemnity Company, plaintiff would be out of court and would recover nothing.
Having concluded that the appeal by plaintiffs grant them a right to appeal for all purposes, and a review by this Court of all matters in the case, the motion to dismiss the appeal as to plaintiffs is denied, and the motion to dismiss the appeal and answer to the appeal filed by defendants-appellants are likewise denied.