LANDRY, Judge.
Plaintiffs herein, Elwin J. Duplantis, Joshua J. Chauvin and Llewellyn J. Du-plantis, have taken this appeal from the judgment of the lower court dismissing and rejecting their suit to reestablish the boundary between a tract of land owned by appellants and certain tracts belonging to the several defendants herein and bounding appellants’ property on the south.
The property owned by appellants consists of a triangular shaped parcel of land, containing approximately 15 acres, situated on the East side of Highway 90, Lafourche Parish, Louisiana. Appellants deraign their title from one Theodule Marcel who was the former owner of a large tract from which plaintiffs’ land was taken. Highway 90 (on which plaintiffs’ property fronts) runs generally in a northerly-southerly direction. Made defendants here *411 in are Joseph C. Cehan, whom plaintiffs allege is the owner of property adjacent to plaintiffs on the south to a depth of two arpents from the ■ highway; Mrs. Frances Griffith Smith, whom it is alleged owns a parcel of land to the rear (east) of the Cehan tract; and Mrs. Gladys Legendre Marcel, George Marcel, Mrs. Loretta Marcel Chaisson, Earl Marcel, Mrs. Lorraine Marcel Levron, Mrs. Marge Marcel Chauvin, Mrs. Ouida Marcel Hingle and Walter Marcel, whom appellants allege own property to the rear of Frances Griffith Smith.
Defendant Joseph C. Cehan initially filed a plea of prescription to plaintiffs’ demands, and reserving all rights thereunder filed a third party petition calling in warranty his authors in title, Mr. and Mrs. Wallace Picou, to defend the present suit. The plea of prescription was referred to the merits and never passed upon by the trial court. Upon being called in warranty by their vendee Cehan, Mr. and Mrs. Picou repurchased the two arpent tract sold Ce-han and prayed to be substituted as defendants in Cehan’s stead. The Picous reserved all rights under Cehan’s plea of prescription, called in warranty their authors in title, Mr. and Mrs. Prentice L. G. Smith, and alternatively prayed for damages against their said vendor. Pending this appeal Mrs. Picou died and her son and only heir at law, Wally John Picou, was duly substituted as a party herein.
After a lengthy trial the lower court rendered judgment dismissing plaintiff’s demands against Mr. and Mrs. Picou on the merits, dismissing plaintiffs’ action against all other initial defendants as of non-suit and dismissing and rejecting the calls in warranty as of non-suit.
Plaintiffs’ appeals pray only for citation of defendants, Joseph C. Cehan, Mr. and Mrs. Picou, Wally Picou and Mr. and Mrs. Prentice L. G. Smith. The trial court’s judgment in favor of the other original defendants, Mrs. Frances Griffith Smith and Mrs. Gladys Legendre Marcel, and others, dismissing this action as to them as of non-suit is, therefore, now final.

MOTION TO DISMISS

Third party defendants Mr. and Mrs. Prentice L. G. Smith have moved to dismiss the appeal as to them on the ground that third party plaintiffs, Mr. and Mrs. Picou, having failed to appeal or answer the appeal herein, the judgment dismissing their third party petition making the Smiths third party defendants herein has now become final. In this regard the Smiths point out that they (the Smiths) were not named as defendants by plaintiffs and neithey did plaintiffs pray for any relief against them.
The motion to dismiss filed on behalf of Mr. and Mrs. Smith is well founded in law and must be granted. It is settled jurisprudence that a plaintiff has no right of action against a third party defendant called in warranty and no right to appeal from a judgment dismissing an original defendant’s call of his vendor in warranty. Mossler Acceptance Corporation v. Naquin, La.App., 30 So.2d 766, see also La.App., 33 So.2d 69. Plaintiffs’ appeal as to Mr. and Mrs. Prentice L. G. Smith is, therefore, dismissed at appellants’ costs.

PLEA OF PRESCRIPTION

Although the plea of prescription initially filed by Joseph C. Cehan was not passed upon by the trial court, it is urged before us on appeal by the Picous who were substituted as defendants in place of Cehan.
While the allegations of plaintiffs’ petition are couched in language which would indicate that the action is one to establish a boundary which has never been delineated, it is readily conceded by appellants in both oral argument and brief before this court that the purpose of this suit is to reestablish a boundary previously fixed. Plaintiffs do not contend that the boundary between their property and those of defendants has never been fixed but, on the *412 contrary, take the position that a previously established boundary has become lost or obliterated and should, therefore, be reestablished.
It is undisputed between the parties hereto that on November 26, 1945, Joseph H. Page (then owner of the 15 acre tract owned by appellants) and third party defendants Mr. and Mrs. Prentice L. G. Smith (then owners of the two arpent tract presently owned by the Picous by repurchase from Cehan), by act under private signature duly acknowledged before Robert P. Blanchard, Notary Public, Terrebonne Parish, and recorded in the Conveyance Records of Lafourche Parish, entered into a formal boundary agreement fixing the boundaries between their respective lands. According to said boundary agreement the southern boundary of plaintiffs’ 15 acre triangular shaped tract and the northern boundary of the adjoining property of the Smiths was established and fixed as follows:
“That, whereas, the said parties are owners of adjoining lands lying on the East, or Northeast side of Highway 90, or the Houma-Raceland Highway, and whereas no line has been surveyed showing the boundary lines separating said properties, and whereas the said parties deem it advisable to establish such a boundary line and mutually agreed, and by the presents agree and bind themselves to observe as their boundary line separating their respective properties a line agreed upon between them as follows, to-wit:
“In consideration of the mutual benefits accruing to each of the said owners and by reason of this boundary agreement they now declare that the boundary line separating their respective properties shall be henceforth considered, and they bind themselves, their heirs and assigns hereby to forever recognize the same to be: A line perpendicular to said Houma-Raceland Highway, or Highway 90, beginning at a point distant seventy-five (75') feet in the direction of Bayou Blue from a post, nearest said Highway and now carrying an advertisement for Regal Beer, said line to extend from said point in a direction perpendicular to said Highway, as aforesaid, and said point which is to mark the beginning of the said boundary line under the present agreement has been definitely located by the parties hereto and is marked with a Steel Angle-bar, measuring I1/2 by lj/á inches, prior to the signing of these presents.”
Our law provides that an action in boundary may be resorted to when either of the three following situations is found to exist: (1) where a boundary line separating contiguous estates has never been established; (2) where a boundary although once established has become completely obliterated or eradicated and (3) where a boundary has been incorrectly established. LSA-C.C. Articles 823, 853; Sessum v. Hemperley, 233 La. 444, 96 So.2d 832. In the first two instances the action is imprescriptible whereas, in the latter case the action being a proceeding to correct or rectify a line formally established in error by the surveyor making the survey, is prescribed after ten years possession.
In those instances where boundaries between contiguous estates have never been established or the estates never separated, the boundaries must be fixed according to the titles of the respective parties. In those cases wherein boundaries have once been fixed and have become obliterated and evidence thereof has been destroyed or permitted to disappear, the boundaries must be reestablished as they formerly stood. Opdenwyer v. Brown, 155 La. 617, 99 So. 482.
Simply stated, plaintiffs maintain that the boundary fixed by Page and Mr. and Mrs. Smith in 1945 is no longer visible *413 and that the iron stake referred to in the agreement between said parties cannot be located. Plaintiffs do not contend that the boundary was never fixed but rather that the boundary formerly set cannot be reestablished in the location agreed upon between the former owners and consequently resort should now be had to the titles of the respective litigants as though no boundary agreement ever existed.
The prescription provided in Article 853 LSA-C.C. is not applicable unless the boundary sought to be corrected has been previously fixed in compliance with the formalities prescribed by law including a survey as required by Article 833 LSA-C.C. Owens v. T. Miller & Sons Building Supply Company, La.App., 101 So.2d 773. In the instant case the boundary fixed by the agreement of November 26, 1945, was not predicated upon a survey but merely the agreement of the owners of the adjoining estates. The petition in the case at bar does not seek to correct or rectify an alleged error in a survey made incident to a prior boundary agreement, but rather attempts to reestablish a boundary once fixed but reputedly eradicated. It follows, therefore, that defendant’s plea of ten years prescription is without merit and is hereby overruled.