## No. 221.

### A. Emile Scheidecker v. Laurent Dumestre.

1. Where, the evidence in a cause is not brought up, and the record contains no statement of facts, or bill of exception, no assignment of errors, the appeal will be dismissed.

2. Where, however, in such a case, the appellee has filed an answer to the appeal, praying for relief for some matter patent, the appeal will stand for the purpose of relieving him, if entitled thereto.

3. There is no law authorizing a Judge *a quo* to divide the costs between a plaintiff and a defendant. If the plaintiff succeeds, even partially, he is entitled to his costs.

*Appeal from Civil District Court, Division D. Rightor, J.*

*Chas. Louque* for plaintiff and appellant.

*P. S. Peyroux* and *John S. Tully* for defendant and appellee.

McGloin, J.—Plaintiff in this case, alleging exclusive ownership in himself of a party wall, and that defendant, without having paid any portion of the expense of said wall, is making or attempting to make use of the same, prays to have defendant enjoined from so using said wall and for damages in the sum of five hundred dollars. Defendant, in answer, avers that the wall was not the individual property of plaintiff, but was common, and had been so used in the past; and assuming the character of a plaintiff in reconvention, he demands damages in the sum of fifteen hundred dollars.

Upon the trial, it seems that testimony was taken for both parties, but none has been stamped according to law; hence, under the authority set in Fink vs. Queen Ins. Co., McCloskey vs. Carrol, and Ducros vs. Hymel, we cannot consider it.

There is in the record no bill of exception, nor assignment of errors, nor statement of facts, nor has any evidence come up before us. The appellant, therefore, has not complied with the law which governs the bringing up of appeals, and were he alone concerned, we should have dismissed this appeal.

Plaintiff, however, has filed an answer, in which he complains that, although the court *a qua* has granted him a judgment per-

petuating the injunction applied for, yet one-half of the costs have been decreed against him.   He asks us to amend the judgment in this respect.

We were at first in some doubt as to our right, in default of a bill of exceptions, assignment of errors or statement of facts, to take any action other than to dismiss.   An examination of the Code of Practice, however, has satisfied us that in cases such as this, an appellee is not at the mercy of a negligent appellant.

Code of Practice, Art. 592, declares that an appellee, complaining of some parts of the judgment of the inferior court, " may *without appealing from the same*, pray it to be set aside on those points, on which he believes he is aggrieved."

This accords to an appellee a distinct and particular interest in the appeal of his adversary, and it would be manifestly not in consonance with justice, were the preservation of that right or interest to depend solely upon the volition or upon the acts of the appellants.   The Code of Practice has not left appellee thus in the power of the appellant; for, once the order of appeal has been duly perfected, and notice thereof has been given, it cannot be withdrawn by appellant (C. P. Art. 594);   and if the latter does not choose to bring up the record, the appellee can do so, and obtain from the superior court a dismissal, or a final determination.   C. P. Arts. 588, 589, 590.

So, in a case like this, where the appellant has failed to place the cause before the Appellate Court in such manner as to enable such Court to pass upon it, the appellee is still, to some extent, protected, for he can file his answer demanding an amendment. C. P. Arts. 592, 888, 890.

And the Article No. 888 enables such appellee to make his answer subserve the purposes of an assignment of errors, for it provides that he may, " without appeal on his part, state in his answer the points on which he thinks he has sustained wrong, and may pray that the judgment be reversed with respect to them, and confirmed with costs on the rest."

Where the errors on which an appellee relies are those of law, appearing upon the face of the record, the answer, as provided

for in Art. 890, clearly accords to an appellee, under the circumstances being considered, a privilege which is similar to that accorded an appellant by C. P. Art. 897, which latter Article authorizes the filing of an assignment of errors.

In this case plaintiff, having succeeded at least partially in the lower court, was clearly entitled to his costs. C. P. Arts. 549, 550, 551.

We know of no law authorizing the Courts of this State to divide the costs, as has been done in this case, and there has been nothing shown which justified such dividing in this matter.

The judgment is a matter of record herein, as also the petition and answer. These show us that in a decree according to a plaintiff a portion of what he has demanded, said plaintiff has been made to pay a part of the costs. This is an error " appearing upon the face of the record," and one which we are competent, under the circumstances, to correct.

The judgment appealed from is therefore amended, so as to impose the entire costs of the lower court upon defendant and appellant, but in other respects said judgment remains undisturbed. The costs of appeal are likewise to be paid by defendant and appellant.