## No. 1180.

### H. W. McLeod vs. A. C. Simonton et al.

In a suit for the liquidation of a partnership, to which the suing partner engrafts a demand against a third party. for the ownership of certain property, as an alleged asset of the partnership, the test of jurisdiction is the value of the property in dispute.

In such a case there is no demand for any portion of a fund to be distributed.

The Supreme Conrt can allow no damages in an appeal not within its jnrisdiction. The only judgment it can render is one of dismissal.

APPEAL from the Fifth District Court, Parish of Ouachita. *Richardson, J.*

*C. J. & J. S. Boatner* for Plaintiff and Appellent.

*E. M. Graham* and *Thos. A. Garrett* for Defendants and Appe·¹· ·ɔs.

The opinion of the Court was delivered by

Poché, J. The original purpose of this suit was to liquidate and settle the commercial partnership of "Simonton, Kidd & McLeod," heretofore engaged in the construction and repair of levees.

As an incident of the main demand, plaintiff claimed for the firm the ownership of a judgment obtained by A. C. Simonton, personally, against L. D. McLain, in the sum of nine hundred and fifty dollars and interest, and rendered by this court in the case entitled Simonton vs. McLain et al, reported in the 37th volume of our annual, p. 663.

Pending this litigation, in which the question of the true ownership of that judgment was involved, D. P. Ford, of the Parish of Lincoln, who held a judgment against A. C. Simonton, rendered by the district court of the latter parish, issued execution thereon and levied on the judgment standing in the name of Simonton against McLain.

That seizure was enjoined in the district court of Ouachita by McLeod, plaintiff in this suit, on the ground mainly that the judgment

being the property of the firm of "Simonton, Kidd & McLeod," could not be applied to the payment of Simonton's personal debts, and for other reasons not necessary to mention herein. This appeal is prosecuted from a judgment sustaining an exception by D. P. Ford, the defendant in injunction, to the jurisdiction *ratione materiæ et personæ* of the district court.

As stated by appellant's counsel, the only question which this appeal presents to us is that of the disputed jurisdiction of the district court. From this proposition follows another equally clear, and it is that the only issue before the district court, as between McLeod and Ford, was the contested right of ownership or control of the Simonton judgment against McLain, amounting, as stated, to the sum of $950.

Hence we conclude that appellee's suggestion that we have no jurisdiction of this appeal *ratione materiæ* is well founded, and that the same must be dismissed.

In his attempt to engraft his injunction proceedings against Ford to his main suit for a liquidation of the partnership of "Simonton, Kidd & McLeod," plaintiff cannot succeed to change the issue which he clearly tendered to Ford. This is not a matter in which our jurisdiction is to be tested by the amount of the fund to be distributed. As far as the record shows, there is yet no fund under control of the court, or in the hands of any one for distribution. That branch of the action which seeks to assert the ownership of the firm to the McLain judgment is simply an effort to secure an asset which would constitute the first element of a fund to be distributed. And even that would not be equal to the lower limit of our jurisdiction. La. W. R. R. Co. vs. Hopkins et al, 33 Ann. 806.

The issue presented in McLeod's demand against Ford is precisely that which would be involved in an action by an executor, administrator or syndic for the recovery in behalf of the estate which he represents, of a claim, or of property, of the value of $950.

In such an action as in the present controversy, the amount in dispute is the true test of our jurisdiction, and under that test the present appeal cannot be sustained.

We note appellee's prayer for damages as in case of a frivolous appeal. But having no jurisdiction of the appeal, we cannot look into its merits, even with the view of determining its character. Damages cannot be allowed in an appeal over which the court has no control for want of jurisdiction. Thomas vs. Guilbeau, 35 Ann. 927.

It is therefore ordered that the present appeal be dismissed at appellant's costs.