(121 So. 585)

No. 29714.

## WHITE v. HILL.

Feb. 25, 1929. Rehearing Denied March 25, 1929.

Foster, Hall, Smith & Blue, of Shreveport, for plaintiff.

John B. Files, of Shreveport, for defendant.

ST. PAUL, J. On May 21, 1927, plaintiff sought to foreclose via ordinaria on a mortgage and note for $1,195, with interest, etc., and filed said mortgage and notes with his petition.

On June 4th defendant filed a frivolous prayer for oyer of said mortgage and notes.

On June 8th plaintiff took a default and confirmed it on June 11th.

On June 15th defendant moved to set aside said default and confirmation thereof, on the ground that same had been taken without passing on his prayer for oyer.

On July 8th plaintiff moved to the same effect.

On July 11th the motion to set aside the default and confirmation was sustained and the prayer for oyer was overruled.

On July 13th plaintiff took another default and confirmed it on October 8th; said judgment being signed October 13th.

On October 14th plaintiff obtained a writ of fieri facias, and on December 3d the property was adjudicated to one Mabry for $1,650. But Mabry refused to comply with the adjudication.

On December 12th plaintiff took a rule on Mabry and on defendant to show cause why said Mabry should not comply with his bid.

On December 14th Mabry and defendant both opposed said rule on the ground that the judgment of October 13th, under which said writ of fieri facias issued, was null and void, having been rendered while said judgment of June 11th was in full force and effect.

On February 4, 1928, the rule of December 12th was recalled and the defendants were discharged. The judgment was never signed.

On March 14, 1928, plaintiff prayed for and was allowed a devolutive appeal from "the judgments herein rendered on June 11, 1927, and October 13, 1927, and the judgment rendered on the rule herein on February 4, 1928."

### I.

The Court of Appeal dismissed the appeal from the judgment of March 14, 1928, rendered on the rule of December 12, 1927, on the ground that it had never been signed. It also dismissed the appeal from the judgments of June 11, 1927, and October 13, 1927, on the ground that said judgments gave him all he had asked for, and that he had no interest in appealing therefrom.

### II.

As to the judgment of June 11, 1927, both plaintiff and defendant had urged the nullity thereof, thereby conceding and confessing said nullity; and the court had decreed and entered upon its minutes an order annulling said judgment. Not only did they both confess the nullity of said judgment by their own motions to set it aside, but they actually recognized it as a nullity by proceeding, at once after the order annulling it, to

submit the prayer for oyer as in a case still pending and undisposed of.

Hence both plaintiff and defendant are and forever will be estopped from denying that the judgment of June 11, 1927, was and is a nullity.

██ Such being the fact, there was no valid judgment in the case when (after the rule for oyer had been disposed of) a new default was taken against defendant on July 13th and confirmed by judgment of October 13, 1927.

The judgment of October 13, 1927, was therefore a valid judgment, and since said judgment gave plaintiff all that he claimed in his petition, to wit, a judgment against defendant for the full amount of his claim as therein set forth, it follows that he has no interest or reason to appeal from said judgment.

The Court of Appeal was therefore correct in dismissing plaintiff's appeal.

#### Decree.

The judgment of the Court of Appeal is therefore affirmed.