No. 3678

**Second Circuit**

——

**WHITE v. HILL ET AL.**

——

(November 18, 1929. Opinion and Decree.)
(December 31, 1929. Rehearing Refused.)

——

Foster, Hall, Barret & Smith, of Shreveport, attorneys for plaintiff, appellee.

John B. Files, of Shreveport, attorney for defendants, appellants.

WEBB, J. On May 17, 1927, plaintiff, R. W. White, instituted action against defendant, James Hill, to obtain judgment on two certain promissory notes drawn by Hill, and for recognition of a mortgage on certain immovable property given by Hill to secure the payment of the notes, and defendant filed a prayer for oyer of the instrument sued upon. While the motion and prayer for oyer were pending plaintiff moved for a default against defendant, which was granted and thereafter confirmed on June 11, 1927, and judgment rendered against defendants.

On June 14, 1927, defendant filed a motion to vacate the judgment on the ground that the preliminary default had been taken and confirmed while the motion and prayer for oyer were pending; and, while the motion to vacate was pending, a fi. fa. was issued on the judgment and defendant's property seized thereunder, and thereafter the motion to vacate the judgment was refused. But, on July 8, 1927, plaintiff moved to vacate the judgment on the same grounds as previously urged by defendant, and the motion was allowed on July 11, 1927.

Following, on July 13, 1927, plaintiff moved for a default against defendant, which was granted, and on October 8, 1927, the default was confirmed, and on October 13, 1927, judgment in favor of plaintiff and against defendant was signed. A fi. fa. was issued on the judgment and defendant's property seized and, after due advertisement, it was adjudicated to W. A. Mabry, who refused to accept the property and comply with his bid.

On December 12, 1927, plaintiff filed a rule against Mabry to show cause why he should not comply with his bid, to which rule defendant was made a party, and, in answer to the rule, Mabry and defendant alleged that the judgment of date October 13, 1927, was invalid, setting forth the proceedings previously had in the suit, and on trial of the rule on February 4, 1928, the rule was recalled, but there was not any judgment signed and plaintiff, after moving for a new trial, which was refused, moved for orders of appeal from the judgments of date June 11, 1927, and October 13, 1927, and the ruling recalling the rule of date February 4, 1928.

The appeal was presented in this court and judgment rendered dismissing same on November 8, 1928 (see Robert W. White vs. James Hill, 10 La. App. 146, 122 So. 75), and plaintiff then made an application before the Supreme Court for a writ of certiorari, which was granted, but, on hearing, the judgment dismissing the appeal was affirmed (see Robert W. White vs. James Hill, 168 La. 92, 121 So. 585).

The statement above shows that there was not any judgment signed in pursuance of the ruling of date February 4, 1928, recalling the rule against Mabry to show cause why he should not comply with his bid to which, as stated, defendant was made a party, and on March 2, 1929, plaintiff filed a motion for a new trial on the rule, which was granted. And, in addi-

tion to the defenses originally interposed, the defendant, Hill, alleged that the plaintiff had, subsequently to the seizure and adjudication of the property to Mabry and the decree of date February 4, 1928, recalling the rule, instituted suit against him on another cause of action, asserting a lien and privilege on the property adjudicated to Mabry, and had obtained judgment against him, as prayed for, and had seized the property which had been adjudicated to Mabry, and that plaintiff was estopped from denying that Hill was the owner of the property. On trial, the rule was made absolute, and Mabry and defendant appeal, and defendant has filed a plea of estoppel here, while the plaintiff has answered the appeal praying that damages be assessed against appellants for a frivolous appeal.

In support of the appeal, it is urged that the judgment of date October 13, 1927; under which the property was adjudicated to Mabry, was invalid; it being argued that the court was without authority to vacate the judgment of date June 11, 1927, and to render the judgment of date October 13, 1927, and it is further argued that, the evidence establishing the facts alleged as the basis of the plea of estoppel, the plea should have been sustained.

Relative to the plea of estoppel, it is urged that plaintiff should be held to have acquiesced in the decree recalling the rule by making the second seizure, and it is also suggested that plaintiff, by the second seizure of the property, had recognized defendant's ownership of the property.

Mabry did not file any plea of estoppel, and it appears he appealed merely to protect himself in view of the appeal taken by defendant, as he did not make any appearance here; and we are unable to comprehend in what way the action of plaintiff holding two distinct judgments against defendant, could be held to have injured defendant by seizing his property under both judgments, and it is not apparent why a judgment creditor, who seizes the property of his judgment debtor, should be held to have acquiesced in a decree ordering or having the effect of releasing the property from a seizure previously made under another judgment held by the creditor. And, as there is not any authority cited in support of such positions, and, as we have not been able to find any, we are of the opinion that the pleas of estoppel were properly overruled.

With regard to the validity of the judgment of date October 13, 1927, under which the seizure and adjudication were made to Mabry:

Defendants in the rule did not contend that the question of the authority of the court to render the second judgment was dependent upon whether or not the first judgment was in fact valid, as their pleadings indicate it was not, and, while the argument here suggests that the plaintiff should have brought an action to annul the judgment of date June 11, 1927, we are of the opinion there was not any such judgment to be annulled, but that the judgment was vacated.

When the case was before the Supreme Court, it was said:

"As to the judgment of June 11, 1927, both plaintiff and defendant had urged the nullity thereof, thereby conceding and confessing said nullity; and the court had decreed and entered upon its minutes an order annulling said judgment. Not only

did they both confess the nullity of said judgment by their own motions to set it aside, but they actually recognized it as a nullity by proceeding, at once after the order annulling it, to submit the prayer for oyer as in a case still pending and undisposed of.

"Hence both plaintiff and defendant are and forever will be estopped from denying that the judgment of June 11, 1927, was and is a nullity.

"Such being the fact, there was no valid judgment in the case when (after the rule for oyer had been disposed of) a new default was taken against defendant on July 13th and confirmed by judgment of October 13, 1297.

"The judgment of October 13, 1927, was therefore a valid judgment, and since said judgment gave plaintiff all that he claimed * * * it follows that he has no interest or reason to appeal. * * *" Robert W. White vs. James Hill, 168 La. 92, 121 So. 585, 586.

And while it is urged here that the question as to the validity of the judgments was not before the court, we think it was, but, if not, the situation is not changed, and, as stated from our view of the record, the judgment of June 11, 1927, was vacated, and, that being the case, there is not any reason suggested why the judgment of date October 13, 1927, is not valid. The property having been seized and adjudicated under the judgment, we are of the opinion that the judgment ordering Mabry to comply with his bid was correct.

We do not think that damages should be allowed for a frivolous appeal, as demanded by plaintiff, as it appears certain that the delays in this matter cannot be altogether attributed to the defendant. The judgment is affirmed.