BOUTALL, Judge.
The present appeal arises from a judgment on a pleading styled a rule for contempt for failure to pay alimony, but actually was a request for an increase in alimony, in a divorce proceeding. The pleading, filed in propria persona by the appel-lee, requested an increase in alimony because of the general increase in the cost of living, and also because the son of the parties was then about to enter college. This pleading was answered by appellant-respondent in the nature of a setoff, claiming that he was due a credit of $1200.00 for overpayments made during the period from April 1968 to July 1969, or from the time of rendering of a judgment increasing alimony in the district court until the time that judgment was annulled by this court on July 1, 1969, as reported in McNeill v. McNeill, 223 So.2d 709.
Under article 3942 of the Louisiana Code of Civil Procedure, there may be no suspensive appeal from judgments granting alimony. Thus, appellant-respondent necessarily had to keep up the increased payments until such time as that increase was annulled. Until the time of this rule for increase, filed July 31, 1970, no affirmative claim for repayment of this amount had been made, and in his answer to the rule, appellant-respondent styles this overpayment as a defense, and not as an affirmative claim to a sum of money. The judgment on that-rule, rendered September IS, 1970, (1) Ordered appellant-respondent to furnish, at his expense, round-trip air transportation for the child from New Orleans, Louisiana, to Washington & Lee University, Lexington, Virginia; (2) Denied appellee-mover’s request for an increase in alimony; and (3) Denied appellant-respondent’s claim for credit for his alleged overpayments of alimony. From *769 the adverse sections of this judgment, respondent appeals; appellee-mover answered the appeal requesting reversal of the order denying an increase in payments as error.
Appellant filed a timely petition for appeal on October 16, 1970, but did not file the proper appeal bond until October 30, 1970, as appears from the Clerk’s certificate of filing on the face of the bond. In order to perfect the appeal, both the petition for appeal and the appeal bond must be filed within the period prescribed by law. Until both the petition and the bond are filed, jurisdiction of the appellate court does not come into being. Williams v. Williams, 227 So.2d 752 (La.App. 1st Cir., 1969); Vignes v. Vignes, 236 So.2d 582 (La.App. 1st Cir., 1970), writ refused, 256 La. 865, 239 So.2d 362; Wall v. Wall, 239 So.2d 707 (La.App. 1st Cir., 1970).
Under Louisiana Code of Civil Procedure article 3943, an exception to the general rule of appeal time under article 2087 is made in the case of appeals from judgments awarding alimony. Under article 3943, the appealable period for such judgments is that of article 3942, or thirty (30) days from the applicable dates of 2087(l)-(3). In the present case the appeals time would extend thirty-three (33) days, or until October 18 or thereabout. Appellant is well beyond this time in filing his appeal bond.
Appellant points out that his appeal bond was filed within the required 90-day period for an ordinary devolutive appeal under article 2087. Appellant urges that the judgment of August 28, 1970, appealed from here was in fact a judgment refusing to credit a sum of money overpaid affecting property rights of the parties, and therefore the longer period of 2087 is applicable.
This argument has no merit in view of the specific exception of article 3943 to the normal appeal period. A similar rule existed prior to enactment of article 3943, in that the former 30-day appeal period applicable to judgments of divorce, etc., under former article 573 of the Code of Practice and Act No. 24 of 1930, was held not applicable to part of a divorce judgment which dealt with property rights of the parties. See Cure v. Tobin, 217 La. 713, 47 So.2d 329 (1950). Insofar as this rule dealt with judgments awarding alimony, it has been abrogated by article 3943, and the 30-day limit applies. Pennison v. Pennison, 157 So.2d 628 (La.App. 4th Cir., 1963).
The judgment appealed from is no more than an order to pay alimony. The appellant was ordered to pay for his son’s trip, and to pay the set monthly alimony payments without diminishing them by an alleged credit for overpayment. The appellant’s claim for credit may, of course, be a property right, but the judgment does not allocate its ownership; it merely denies its existence as an offset to any alimony payments due or forthcoming. This judgment therefore is squarely within the 30-day limitation for appeal of article 3943. The appeal bond was not filed within the prescribed period, and therefore the right to appeal has lapsed. We do not pass on the merits of the appellant’s claim for setoff against his alimony payments, but since this court has not acquired jurisdiction to hear the appeal, we cannot legally take cognizance of the merits of the appeal.
ON THE ANSWER TO THE APPEAL
In this case the appellee filed an answer to the appeal within 15 days of the date that the record was lodged, that is, February 24, 1971, asking for reversal of that part of the judgment denying an increase in alimony. We are of the opinion that the answer to the appeal must also be dismissed for the reason that this court never obtained jurisdiction to entertain the appeal itself, and as a result an answer to that appeal thus filed cannot impart jurisdiction in this court.
*770 We recognize the principle that the appellant should not be able to defeat an appellee’s answer to his appeal by the appellant’s failure to perfect the appeal generally or to prosecute his appeal timely, and we are cognizant of the principles as announced in the case of Scheidecker v. Dumestre, 2 McGloin 125 (1884). The statutory law, LSA-C.C.P. art. 2133, announces that an answer to the appeal “filed by the appellee shall be equivalent to an appeal on his part . . .”, and thus has the same effect as if the appellee had himself taken an appeal. Thus it is necessary to consider in each case whether the actions of the appellant have defeated the answer to the appeal, or whether a different situation obtains.
We note that in this case, the basic jurisdiction of the court is involved, not simply some correctable error. We refer to Schuler Rubber & Supply Co. v. Enterprise Electric Co., 10 Orl.App. 135 (1913) involving a question of jurisdictional amount. See also McLeod v. Simonton, 39 La.Ann. 853, 2 So. 608 (1887).
The failure of the appellant to file his bond within the appellate period renders his appeal null, the same as if an appeal had never been taken. Martin v. Martin, 228 So.2d 355 (La.App. 4th Cir., 1969); Bettencourtt v. Boyd, 209 So.2d 339 (La.App. 1st Cir., 1968); Executive Car Leasing Co. of Houston v. Pelican Const. Co., 204 So.2d 317 (La.App. 1st Cir., 1967). It is' clearly provided in LSA-C.C.P. art. 2088 that the jurisdiction of the trial court over all matters in the case reviewable under the appeal is divested, and that of the appellate court attaches, on the timely filing of the appeal bond.
Thus, in a situation such as here, where no bond was timely filed, the appeal by Mr. McNeill was null and void and had never achieved existence before the answer was filed. It was subject to dismissal, at any time either upon motion of the appel-lee or upon the motion of the court ex pro-prio motu. Once the period allowable for appeal had passed, this court lacked jurisdiction and could not acquire it by the filing of an answer at a later time.
For the above reasons, the appeal is dismissed and the answer to the appeal is also dismissed.
Appeal dismissed.
Answer to appeal dismissed.