ON MOTION TO DISMISS APPEAL
CULPEPPER, Judge.
Plaintiff-appellant, Audrey Langlinais, moved to dismiss the answer to the appeal filed by the defendant-appellee, Ignace David, on the grounds that the defendant has no right to ask for a modification of a lower court’s judgment by means of an answer to the appeal.
Plaintiff originally brought suit for a separation from bed and board, alimony pendente lite and for a partition of a certain pension fund which she alleged was community property. On April 26, 1973, she obtained formal judgment awarding a separation from bed and board and alimony pendente lite, but denying her claim for the division of the pension fund.
On June 25, 1973, 60 days after the judgment was rendered, plaintiff was granted a devolutive appeal to this Court, which appeal was made returnable on August 20, 1973.
The appeal was filed in this Court on August. 7, 1973, and the defendant filed answer to the appeal on August 22, 1973.
*96 In his answer to the appeal the defendant requests a modification of the judgment of the lower court insofar as the judgment relates to alimony pendente lite.
Defendant’s answer to the appeal is dismissed as this Court is without jurisdiction to entertain- it.
An appeal from a judgment granting or denying a separation or alimony must be taken within 30 days from the date of judgment or from the refusal to grant a new trial. LSA-C.C.P. Articles 3943, 3942, and Article 2087(1) — (3). Since plaintiff’s appeal was not perfected until 30 days after the judgment (there was no motion made for a new trial), the judgment awarding the judicial separation and alimony is final. The appeal insofar as it relates to the status of community property, was timely. Pennison v. Pennison, 157 So.2d 628 (La.App. 4th Cir., 1963), writs refused 245 La. 585, 159 So.2d 290 (1963); Granger v. Granger, 193 So.2d 898 (La.App. 3rd Cir., 1967).
Since there is no appeal before this Court on the question of the separation or alimony, this Court is without authority to consider the answer to the appeal relating thereto. If a court is without jurisdiction to pass upon an issue on appeal, it is equally without jurisdiction to entertain an answer thereto. Schuler Rubber and Supply Company v. Enterprise Electric Company, 10 Orleans App. 135 (1913).
For the reasons assigned, the motion to dismiss the defendant’s answer to the appeal is hereby granted.
Answer to the appeal dismissed.