WATKINS, Judge.
Plaintiff-appellee, Barbara Guidry, has filed a motion to dismiss this appeal on the basis that:
(1) Appellant Jim Blackmon Company was not cast in judgment and has no standing to appeal; and
(2) Appellant Commercial Insurance Company has not properly taken an appeal.
Commercial Insurance Company (Commercial) opposes the motion to dismiss on the basis that the motion for appeal inadvertently stated it was made on behalf of defendant Blackmon Company when Commercial was in fact the appellant. Commercial further contends that the motion is untimely under LSA-C.C.P. art. 2161, which provides that motions to dismiss for defects or errors imputable to appellant must be filed within three (3) days of the return date or date the record is lodged, exclusive of holidays.
Plaintiff filed this suit for injuries sustained in an automobile accident against several defendants including Jim Blackmon d/b/a/ Jim Blackmon Company (the owner of the other car involved in the accident) Gary Dinsmore (the driver of the car), and ABC Insurance Company (the alleged liability insurer of Blackmon). Commercial Insurance Company (Blackmon’s liability insurer) was subsequently added as a party defendant after trial while the case was under advisement. On June 21, 1984, judgment was rendered in favor of plaintiff against Commercial only. While Jim Blackmon was found to be negligent, he had died prior to trial and his trade name had no independent liability. See LSA-C. C.P. art. 736 and comments thereto.
Commercial suspensively appealed that judgment. Shortly thereafter a compromise was entered into in open court that Commercial would pay plaintiff $100,000 plus interest and costs. Commercial would not appeal and plaintiff would dismiss with prejudice all claims against Gary Dinsmore and Jim Blackmon Company.
Afterwards, plaintiff and Commercial had a disagreement over the date interest should commence to run. Commercial filed a rule to compel settlement which was ruled on by the district court on October 31, 1984. The trial judge ordered the compromise agreement be enforced and interest would run from date of filing the original petition rather than the date that the petition was amended to correctly name Commercial as the insurer.
Within the appeal delay, a motion for devolutive appeal of the October 31st judgment was made by “Jim Blackmon Company, through undersigned counsel”. The court ordered a devolutive appeal be granted to “the defendant”. The motion was submitted by Joseph A. Reilly, Jr., “Attor *1058 ney for Commercial Insurance Company of Neward, New Jersey”. The cover letter to the Clerk of Court indicates the appeal was filed on behalf of Commercial.
Pursuant to a motion to dismiss the appeal filed by Commercial, we dismissed Commercial’s appeal of the June 21st judgment (because of the settlement), but specifically reserved Commercial’s right to appeal the October 31st judgment dealing with interest. The motion to dismiss presently before this Court was thereafter filed by plaintiff.
Both sides are in agreement that Jim Blackmon Company has no right to appeal and is not properly an appellant. It is clear from the history of this case that the motion for appeal was not intended to be made on Jim Blackmon Company’s behalf but instead on behalf of Commercial. This is apparent from the facts that Commercial was the only defendant cast in judgment; the December 6 cover letter to the motion for appeal stated the appeal was on behalf of Commercial; the attorney’s signature on the motion stated he was attorney for Commercial; the December 5 letter to plaintiff’s counsel indicating Commercial’s intention to appeal; and the fact that Jim Black-mon was dead and his trade name is not a separate legal entity capable of being sued under LSA-C.C.P. art. 736.
Appeals are favored in the law and should be maintained unless legal grounds for dismissal, as opposed to mere technicalities, are shown. U.S. Fire Insurance Company v. Swann, 424 So.2d 240 (La.1982). Unless the ground urged for dismissal is free from doubt, the appeal should be maintained. U.S. Fire Ins. Co., supra and authorities cited therein.
LSA-C.C.P. art. 2161 provides:
Art. 2161. Dismissal for irregularities An appeal shall not be dismissed because the trial record is missing, incomplete or in error no matter who is responsible, and the court may remand the case either for retrial or for correction of the record. An appeal shall not be dismissed because of any other irregularity, error or defect unless it is imputable to the appellant. Except as provided in Article 2162, a motion to dismiss an appeal because of any irregularity, error, or defect which is imputable to the appellant must be filed within three days, exclusive of holidays, of the return day or the date on which the record on appeal is lodged in the appellate court, whichever is later.
Whether this error or defect of naming Jim Blackmon Company in the motion to appeal is solely imputed to appellant or not, this article indicates Commercial’s appeal should not be dismissed because the motion to dismiss was filed more than two months after the return date and the date the record was filed in this Court. Furthermore, no good purpose is served by dismissing the appeal as it relates to Commercial. No prejudice to plaintiff has been in fact shown. Counsel for plaintiff must have been aware that the motion for appeal was in fact intended to be on behalf of Commercial. Plaintiff seeks dismissal of the appeal based upon what are essentially technical errors. Therefore, the motion to dismiss as it relates to Commercial is therefore denied.
MOTION TO DISMISS DENIED.