504 So.2d 1008 (1987)
Glynn DICKERSON
v.
KROGERS, INC., et al.
No. 86-CA-0484.
Court of Appeal of Louisiana, First Circuit.
March 4, 1987.
Steve M. Marks, Baton Rouge, for plaintiff-appellant # 2 Glynn Dickerson.
John W. Perry, Jr., Baton Rouge, for intervenor-appellant # 1 Great American Insurance Company.
Burton Guidry, Baton Rouge, for intervenor-appellee Burton Guidry.
James E. Moore, Baton Rouge, for defendant-appellee Kroger, Inc. and Fireman's Fund Insurance Company.
Louis Robein, Jr., Metairie, for intervenor-appellee Welfare Fund.
Before EDWARDS, WATKINS and LeBLANC, JJ.
EDWARDS, Judge.
A brief has been filed in this court on behalf of plaintiff's union's Welfare Trust Fund as appellant. Because there is no order of appeal for the Fund, we issued ex proprio motu a show cause order questioning the right of the Fund to appeal.
Plaintiff injured his knee in 1981 in a work-related slip and fall accident. He reinjured the knee in 1982 in a slip and fall accident at a Krogers store in Baton Rouge. Plaintiff sued Krogers for damages arising from that accident, and the Welfare Trust Fund intervened to recover certain medical expenses it had paid plaintiff following the 1982 injury.
On the morning of trial, plaintiff settled his claim against Krogers, but reserved the intervenor's right of recovery against Krogers. By oral motion, plaintiff's attorney, Steve Marks, enrolled as co-counsel for the Welfare Trust Fund. Subsequently the trial court rendered judgment in favor of Krogers and against the Welfare Trust Fund. A timely motion for appeal was filed on behalf of the plaintiff.
*1009 Steve Marks, the attorney for the Welfare Trust Fund, states that he intended to file an appeal on behalf of the Fund, and that a mere clerical error resulted in the motion for appeal being styled as on behalf of plaintiff. The judgment appealed from was rendered against the Welfare Trust Fund, not plaintiff. It is indeed plausible that Mr. Marks, who had been plaintiff's attorney, filed the motion for appeal without noticing that the wrong party was listed thereon.
Because appeals are favored in the law, Guidry v. City of Houma, 471 So.2d 1056 (La.App. 1st Cir.1985), and because no party claims any prejudice as a result of Mr. Marks' error, the Welfare Trust Fund's appeal is hereby maintained, and it is ordered that the record be corrected to reflect that the Welfare Trust Fund is the proper appellant. See LSA-C.C.P. art. 2132.
APPEAL MAINTAINED AND RECORD ORDERED CORRECTED.