SHORTESS, Judge.
This is the second time this case has been before us. Our opinion dated April 11, 1989, reversed a summary judgment granted to Ryder/P*I*E Nationwide, Inc. (defendant). The suit was brought by Betty Faught, as tutrix of Bennett Scott Burns and Donald Stacy Burns, the two minor children of Donald Wayne Burns (decedent), and by the major child Ferris Shaine Burns, individually, for death benefits under LSA-R.S. 23:1231. (Defendant’s motion for summary judgment was brought against these parties.) The summary judgment apparently was granted on two grounds: (1) that plaintiffs had compromised a tort claim against a third party without defendant’s approval, thereby waiving future benefits under LSA-R.S. 23:1102(B); and (2) that decedent’s intoxication was the sole cause of his death, a defense under LSA-R.S. 23:1081. We reversed and remanded for further proceedings. Gratuitously, we also noted a discrepancy in the record as to the status of Jacqueline Smith Burns, a non-party, but the surviving spouse in whose name the motion for appeal was filed. Faught v. Ryder/P*I*E Nationwide, Inc., 543 So.2d 918, 919 n. 1 (La.App. 1st Cir.), writ denied, 545 So.2d 1040 (La.1989) (Faught I).
The scant record lodged on the first appeal revealed, pertinent to Burns’ identity, only: (1) that she was decedent’s surviving spouse (alleged in the petition); and (2) she, along with plaintiffs, executed the release which formed the basis of defendant’s LSA-R.S. 23:1102(B) defense, settling their respective claims against the third party for a lump sum (without allocation) of $110,000, reserving rights against, inter alia, defendant herein.[1]
While the initial motion for appeal was brought on behalf of Burns, there was no brief filed on her behalf; conversely, while plaintiffs did not file a motion for appeal, an appellate brief was filed on their behalf.
Unfortunately, we dropped a footnote (No. 1) in our opinion which has caused some confusion as to Burns and her status, if any, in plaintiffs’ suit. We said that since Burns could have intervened in plaintiffs’ suit we had jurisdiction pursuant to LSA-C.C.P. art. 2086 to entertain the appeal even though Burns was not a party. She was clearly designated as the decedent’s surviving spouse in plaintiffs’ petition. We fully expected that Burns would attempt to intervene which would then permit the cause of action for death benefits pursuant to LSA-R.S. 23:1231, to proceed with all the proper plaintiffs before the trial court.[2] Our reversal of the summary *200 judgment inured to plaintiffs (the only parties against whom the summary judgment had been granted) immediate benefit, as their suit was again extant and also potentially benefitted Burns if she were successfully permitted to intervene.
Immediately upon remand, however, defendant moved for dismissal of plaintiffs’ claims on an exception of res judicata, arguing that since they had not taken an appeal from the summary judgment, it had become final. The trial court granted the exception of res judicata and again dismissed plaintiffs’ suit. Plaintiffs now argue that the appearance of Burns’ name on the motion for appeal was solely oversight. This representation was made by plaintiffs’ counsel at the hearing on the exception, wherein counsel asserted that both plaintiffs and Burns were clients and that the designation was purely a clerical error, citing Dickerson v. Krogers, Inc., 504 So.2d 1008 (La.App. 1st Cir.1987). In Dickerson the plaintiff settled prior to trial and an intervenor proceeded to trial, represented by the same counsel as was the plaintiff. Judgment was entered against intervenor, but an appeal brought in plaintiffs’ name was lodged. This court noticed that a brief had been filed on behalf of intervenor and issued ex proprio motu a show cause order questioning the right of intervenor to appeal. In allowing that appeal we noted:
Steve Marks, the attorney for the Welfare Trust Fund, states that he intended to file an appeal on behalf of the Fund, and that a mere clerical error resulted in the motion for appeal being styled as on behalf of plaintiff. The judgment appealed from was rendered against the [fund], not plaintiff. It is indeed plausible that Mr. Marks, who had been plaintiff’s attorney, filed the motion for appeal without noticing that the wrong party was listed thereon.
Dickerson, 504 So.2d at 1009.
Here, both plaintiffs and Burns were represented by the same law firm. Plaintiffs’ petition recites that Burns was decedent’s surviving spouse and that Bennett, Donald and Ferris were his children (plaintiffs); however, when this suit was dismissed as to plaintiffs on summary judgment, the motion for appeal was brought in Burns’ name, but the appellate brief was filed for plaintiffs. The discrepancy between the motion for appeal and the brief appears to have gone unnoticed until we reviewed the record. We believe the equities expressed in Dickerson are controlling here, and so reverse the exception of res judicata to permit plaintiffs to proceed with their suit under LSA-R.S. 23:1231.
REVERSED AND REMANDED.

. A copy of the release is found in the record, as part of defendant’s motion for summary judgment attachments.

. The trial court, sensing the confusion created by our footnote in Faught I, astutely permitted Burns time within which to bring her own petition to bear the same docket number as this suit and, apparently, to be consolidated with this matter in the event we reversed the granting of the res judicata exception. The record lodged on appeal contains nothing filed in the district *200 court after February 1988. The hearing on the exception indicates that the trial court proscribed a time period within which Burns could bring her suit, but there is nothing else in the record indicating the present status of Burns in these proceedings.