ORDER

hOn February 26, 2009, this court issued a rule to show cause in response to the trial court’s issuance of an amended order of appeal replacing State Farm Automobile Insurance Company with State Farm Fire and Casualty Company as the party appellant. Both entities were parties to the underlying litigation, retained the same counsel and had their claims adjudicated in the September 15, 2008, judgment which is the subject of this appeal. The motion for appeal filed on October 2, 2008, was filed by State Farm Automobile Insurance Company and the order of appeal granted same to State Farm Automobile Insurance Company only. •
Because the judgment appealed was rendered against State Farm Fire and Casualty Company for its policy’s limits of $1,000,000.00 plus legal interest, and denied all remaining claims (including those made against State Farm Mutual Automobile Insurance Company), State Farm Mutual Automobile Insurance Company has no appealable interest. Salassi v. Salassi, 220 La. 785, 57 So.2d 684 (1952); White v. Hill, 168 La. 92, 121 So. 585 (1929); Acadian Hentage Realty v. City of Lafayette, 425 So.2d 388 (La.App. 3d Cir.1982), and Simpson v. Kimbell Milling Company, 164 So.2d 637 (La.App. 3d Cir.1964), writ refused, 246 La. 834, 167 So.2d 665 (1964).
Nevertheless, on February 13, 2009, State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company, filed the motion leading to the aforementioned amended order of appeal signed that same date. |2Noticing the discrepancy, this court issued a rule ordering the parties to show cause why the amended order should not be vacated and the appeal dismissed.
In response, State Farm Fire and Casualty argues that the trial court retained jurisdiction under La. C.C.P. arts.2088 and 2132 to issue the amended order. In support thereof, it cites the First Circuit Court of Appeal’s decisions in Dickerson v. Krogers, Inc., 504 So.2d 1008 (La.App. 1st *1047 Cir.1987), and Faught v. Ryder/P*I*E Nationwide, Inc., 577 So.2d 198 (La.App. 1st Cir.1991). These cases are distinguishable from the present case in that the erroneous party appellants therein were no longer or never were parties to the litigation from which the appeal was taken. Accordingly, there could be little doubt as to who had actually taken the appeal in both Dickerson and Faught.
To the extent that these cases stand for the proposition that a court can substitute one party to the litigation for another as the party appellant in an amended order moved for after all appeal delays have run, we choose not to follow them. Regardless of how inadvertent the error may be or plausible the explanation, allowing the type of amendment made by the trial court herein is the equivalent of granting an untimely appeal, a jurisdictional defect which deprives the court of appeal and any other court the jurisdictional power and authority to reverse, revise, or modify a final judgment. Baton Rouge Bank & Trust Co. v. Coleman, 582 So.2d 191 (La.1991).
Accordingly, we deem the amended order of appeal signed on February 13, 2009, to be without effect. Furthermore, because State Farm Mutual Automobile Insurance Company to whom a timely appeal was granted on October 8, 2008, does not have an appealable interest, we dismiss the appeal. Because the appellee’s answer only seeks relief against State Farm Fire and Casualty Company whose appeal this court is without jurisdiction to consider, this court is equally without jurisdiction to consider an answer thereto. Langlinais v. David, 283 So.2d 95 (La.App. 3d Cir.1973); McNeill v. McNeill, 257 So.2d 767 (La.App. 4th Cir.1972). Accordingly, plaintiffs’ answer is also dismissed.